NORTH POINTE INSURANCE COMPANY v STEWARD
(ON REMAND)

Docket No. 240125. Submitted November 18, 2003, at Detroit. Decided
April 5, 2005, at 9:00 a.m. Leave to appeal sought.

North Pointe Insurance Company brought an action in the Wayne
Circuit Court against Emanuel Steward and Emanuel Steward
Enterprises, Inc., seeking declaratory relief concerning insurance
claims filed with the plaintiff for injuries occurring on the pre-
mises of the defendants, who were insured by the plaintiff.
Emanuel Steward filed a counterclaim for breach of contract and
numerous torts. A jury awarded Steward damages and attorney
fees. The trial court, Daphne Means Curtis, J., denied the plain-
tiff's motion for judgment notwithstanding the verdict, new trial,
or remittitur. The Court of Appeals, BANDSTRA, P.J., and HOEKSTRA,
J. (BORRELLO, J., concurring in part and dissenting in part), in an
unpublished opinion, issued March 4, 2004 (Docket No. 240125),
reversed, finding no cause of action. The plaintiff filed a bill of
costs that included costs related to letters of credit issued as
collateral for an appeal bond. The Court of Appeals taxation clerk
determined that the costs for the letters of credit were not taxable
costs because a letter of credit is not an appeal or stay bond under
MCR 7.219(F). The Court rejected both parties' motion for review
of taxation of costs. The Supreme Court vacated the Court of
Appeals order refusing to review the taxation of costs and re-
manded the case to the Court of Appeals to resolve the apparently
inconsistent treatment of the use of letters of credit for appeal
bonds, citing Lewis v Grand Rapids Plastics, 453 Mich 886 (1996).
471 Mich 932 (2004).

On remand, the Court of Appeals held:

1. Where an appeal or stay bond is obtained using a letter of
credit as collateral for the bond, the costs are fully taxable as long
as the total costs of the bond premiums and the letter of credit fees
are reasonable and are no greater than the total cost of a bond
without collateral.

2. There is a clear factual distinction between this case and
Lewis v Grand Rapids Plastics. In Lewis, the letter of credit was
obtained in lieu of an appeal bond. In this case, the letter of credit

was collateral for the appeal bond. The plaintiff produced affidavits supporting its claim that an appeal bond was unavailable without the collateral provided by the letters of credit, thus making the costs of the letters of credit necessary. Because the total cost of the bond premiums and the letters of credit was reasonable under MCR 7.219(F)(2), the costs of the letters of credit are taxable to the defendants.

Order of costs amended to add the costs of the plaintiff's letters of credit.

APPEAL — BONDS — LETTERS OF CREDIT — TAXABLE COSTS.

Where an appeal or stay bond is obtained using a letter of credit as collateral for the bond, the costs are fully taxable as long as the total costs of the bond premiums and the letter of credit fees are reasonable and are no greater than the total cost of a bond without collateral (MCR 7.219[F][2]).

*Kallas & Henk PC* (by *Constantine N. Kallas*) for North Pointe Insurance Company.

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *David B. Landry* and *Michelle E. Mathieu*), for Emanuel Steward and Emanuel Steward Enterprises, Inc.

Before: BANDSTRA, P.J., and HOEKSTRA and BORRELLO, JJ.

BORRELLO, J. On March 4, 2004, we issued an unpublished opinion per curiam in this matter, reversing the trial court's order that denied plaintiff's motion for judgment notwithstanding the verdict, new trial, and remittitur after a jury awarded defendants approximately $1.8 million in damages.[1] Following entry of the majority's decision, plaintiff sought leave to appeal in the Michigan Supreme Court. Plaintiff filed a verified bill of costs pursuant to MCR 7.219, seeking $140,520.45 in total taxable costs, including $82,041.55 in costs related to letters of credit issued by Comerica

---

[1] I issued a separate opinion, concurring in part and dissenting in part.

Bank as collateral for a $2,325,000 appeal bond issued by Travelers Casualty and Surety Company of America, and $52,339 representing the bond premiums paid to an agent of Travelers. Defendants objected. This Court's taxation clerk taxed costs of $58,338.90, explaining in a letter to counsel that "[t]he costs for the letter of credit [$82,041.55] are not taxable costs because a letter of credit is not an 'appeal or stay bond.' However, the bond premiums totaling $52,339.00 are taxable under MCR 7.219(F)(2)." Pursuant to MCR 7.219(E), both parties moved for a review of taxation of costs. This panel denied the motions.[2] Plaintiff sought leave to appeal in the Michigan Supreme Court, which issued an order stating in part:

> In lieu of granting leave to appeal, the Court of Appeals order is vacated, and the case is remanded to that Court for plenary consideration of the issue whether appellant North Pointe Insurance Company is entitled to tax costs on appeal for the premium paid on appellant's letters of credit. MCR 7.302(G)(1). The Court of Appeals should issue a published opinion on this question, so as to resolve the inconsistent treatment of the use of letters of credit for appeal bonds, cf., e.g., the instant case; *Lewis v Grand Rapids Plastics*, 453 Mich 886 (1996). [*North Pointe Ins Co v Steward*, 471 Mich 932 (2004).]

### I. ANALYSIS

#### A. CASE LAW

By its remand order, the Supreme Court believes that this Court has been inconsistent in its treatment of the taxation of costs for letters of credit, comparing the present case with *Lewis v Grand Rapids Plastics, Inc*, 453 Mich 886 (1996).

---

[2] I voted to grant review.

1. *LEWIS v GRAND RAPIDS PLASTICS*

In *Lewis*, the plaintiff filed a breach of contract action seeking payment of sales commissions. Upon entry of a judgment in favor of the plaintiff, the parties stipulated a stay of execution pending appeal as long as defendants provided an irrevocable letter of credit in the amount of $365,000 in lieu of an appeal bond under MCR 7.209. The defendants appealed as of right. This Court vacated the judgment in part and remanded the matter to the trial court. *Lewis v Grand Rapids Plastics, Inc*, unpublished opinion per curiam, issued July 11, 1995 (Docket Nos. 162962, 162963).

Thereafter, defendant Grand Rapids Plastics, Inc., moved to tax costs, including $13,686 representing the costs for a $365,000 irrevocable standby letter of credit from Society Bank that was obtained in lieu of an appeal bond. The plaintiff objected. This Court's taxation clerk taxed costs of $5,309, disallowing the $13,686 in costs for the standby letter of credit "because no appeal bond was filed by appellant, and because it appears that a bond in the form of a posted letter of credit was arranged. Such a request is beyond the scope of this office's authority." Upon motion of the defendant to review the taxation of costs, and the plaintiff's response, this Court denied the motion. Judge BANDSTRA voted to grant the motion "to the extent that it seeks reimbursement for premiums paid for the letter of credit."

The defendant filed a delayed application for leave to appeal in the Michigan Supreme Court, which, in lieu of granting the application, vacated this Court's order and remanded

for plenary consideration of the issue whether the Court of Appeals properly denied defendant-appellant's motion to

tax costs on appeal for the premium paid on the appellant's letter of credit. MCR 3.604, 7.101, 7.209 and 7.219. [*Lewis*, 453 Mich 886.]

On remand, this Court issued an unpublished opinion per curiam, concluding that the motion to tax costs had been improperly denied:

Plaintiff acknowledges that he agreed to permit the defendant to provide a letter of credit but argues that he did not agree that any fees incurred by defendant in doing so would be taxable as costs. Plaintiff further asserts that he agreed to this approach based on his understanding that the cost of appeal bond premiums are recoverable as taxable costs under the court rules, but that there is no comparable provision allowing for costs associated with the posting of a letter of credit.

Defendant argues that the letter of credit it procured for the benefit of plaintiff and with plaintiff's acquiescence served the exact same purpose and provided plaintiff the exact same security as would have been available if a surety bond had been purchased instead. Plaintiff does not contest that argument but, instead, relies on a formalistic approach, arguing that the letter of credit is simply not an "appeal bond" as required by MCR 3.604 and that the bank, not being a "surety company authorized to do business in Michigan" had failed to "execute an affidavit that [it] has pecuniary responsibility" for the letter of credit as required by MCR 3.604(D)(1). Plaintiff does not suggest that its security or position was in any way compromised by the fact that a letter of credit instead of a bond was issued or because a bank instead of a surety company was used.

MCR 3.604(E) provides that a party who fails to file a notice objecting "to the sufficiency of the surety" provided "waives all objections to the surety." Plaintiff not only failed to file any objection, he acquiesced to use of the letter of credit. We conclude that the resulting waiver of objections applies to plaintiff's objections to the taxation of costs otherwise available to defendant as the prevailing party under MCR 7.219(F)(2).

Further authority for imposition of costs against plaintiff for the premium paid by defendant for the letter of credit is found in MCR 7.216(A)(7):

"The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just . . . enter any judgment or order or grant further or different relief as the case may require."

Plaintiff acquiesced to the use of the letter of credit. Plaintiff suffered no prejudice as a result of that approach. In light of the facts and circumstances surrounding this case, defendant is entitled to an order imposing costs against plaintiff for the premium paid on the letter of credit.

Defendant's motion to tax costs on appeal for the premiums paid on the letter of credit is granted. [*Lewis v Grand Rapids Plastics, Inc,* unpublished opinion per curiam, issued December 10, 1996 (Docket Nos. 162962, 162963).]

No appeal of that decision was taken to the Michigan Supreme Court.

### 2. OTHER MICHIGAN CASE LAW

We are aware of one published decision by this Court that has addressed this issue, albeit in a cursory fashion and without explanation. In *North American Steel Corp v Siderius, Inc,* 75 Mich App 391; 254 NW2d 899 (1977), the plaintiff obtained an $854,000 judgment in a breach of contract action. The circuit court ordered funds held in escrow to be released to the plaintiff in return for an $867,000 letter of credit that would be canceled in the event the plaintiff prevailed on appeal. The circuit court further ordered the plaintiff to pay the annual premium on its letter of credit and the defendant to file an appeal bond in an amount sufficient to cover the plaintiff's taxable costs. On appeal, the defendant argued that the judgment should be vacated, to which the plaintiff

responded by requesting affirmance plus costs, which, the plaintiff claimed, should include its premium costs for the letter of credit. A panel of this Court affirmed the judgment for the plaintiff and, in the final paragraph of the opinion, ordered the plaintiff to file a bill of costs, "includ[ing] the cost of the letter of credit incurred as a result of this appeal." *Id.* at 406. Although the panel did not offer any analysis regarding the letter of credit issue, we do not find the holding to be mere obiter dictum where the issue was raised on appeal.

### 3. OTHER JURISDICTIONS

A split of authority exists among other jurisdictions regarding taxation of costs for a letter of credit obtained as security or collateral for an appeal or stay bond. See 5 Am Jur 2d, Appellate Review, § 922, pp 565-566; 20 Am Jur 2d, Costs, § 76, pp 67-69. For the most part, the issue is governed by the applicable statute or court rule and by the particular circumstances of the case.

In federal courts, the district courts are afforded discretion to tax costs, but that discretion is restricted by Fed R App P 39(e), which provides:

> Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) *premiums paid for a supersedeas bond or other bond to preserve rights pending appeal*; and (4) the fee for filing the notice of appeal. [Emphasis added.]

In cases such as the present case, in which a party has obtained a supersedeas bond[3] or stay bond and

---

[3] A supersedeas bond is a bond required of a party who seeks to set aside a judgment and from which the other party may be made whole if

collateralized that bond with a letter of credit, the federal circuits have generally held a taxed cost to be "reasonable" under Rule 39(e) if the total cost of the bond premium and the letter of credit is no greater than the total cost of an uncollateralized bond. In such instances, the cost of the letter of credit has been treated as the equivalent of a premium paid for the cost of an appeal bond. See, e.g., *Bose Corp v Consumers Union of US, Inc*, 806 F2d 304, 305 (CA 1, 1986); *Lerman v Flynt Distributing Co, Inc*, 789 F2d 164, 166 (CA 2, 1986); *Johnson v Pacific Lighting Land Co*, 878 F2d 297, 298 (CA 9, 1989) (noting the rule adopted in *Bose*, but disallowing costs paid for a letter of credit that were in addition to the cost of the premiums paid for supersedeas bonds, where there was no agreement by the parties for such costs).

Other states have adopted this majority view. See, e.g., *Whittle v Seehusen*, 113 Idaho 852; 748 P2d 1382 (1987) (holding that "the letter of credit was substantially equivalent to posting a supersedeas bond" and the $100 cost was "reasonable and probably less than the premium of a surety bond"); *Creed v Apog*, 377 Mass 522; 386 NE2d 1273 (1979) (holding that the defendants were entitled to recover as costs not only bond premiums, but the additional cost to obtain a letter of credit that was required by the surety as collateral before the issuance of bond).

A minority of jurisdictions has refused to allow such costs. See, e.g., *Golf West of Kentucky, Inc v Life Investors, Inc*, 178 Cal App 3d 313; 223 Cal Rptr 539 (1986) (holding that taxable costs included only the premium on a surety bond posted on appeal, not the fees paid for letters of credit to secure the bond, where the state

---

the action is unsuccessful. The common name for a supersedeas bond is an appeal bond. See Black's Law Dictionary (6th ed).

statute and court rule only specifically allowed for "premium on any surety bond"); *AgMax, Inc v Countrymark Cooperative, Inc*, 661 NE2d 1259 (Ind App, 1996) (holding that a bank fee for a letter of credit to secure a stay pending appeal was not a taxable cost where no statute or court rule allowed such a cost and where the letter of credit was unnecessary and therefore a discretionary expense, to which the opposing party had objected).

### B. INTERPRETATION OF MCR 7.219(F)(2)

Given the foregoing, we find that a clear factual distinction exists between the present case and *Lewis*. Here, plaintiff insurance company sought to tax the premiums for an appeal bond as well as the cost of a letter of credit issued as collateral for the bond, whereas in *Lewis* the defendant sought to tax the cost of an irrevocable standby letter of credit that was obtained *in lieu of an appeal bond*. The question posed by the Supreme Court is whether this factual distinction should result in differing treatment under MCR 7.219(F)(2), which allows a prevailing party to tax "only the reasonable costs incurred in the Court of Appeals, including . . . any appeal or stay bond . . . ."

The taxation of costs is neither a reward granted to the prevailing party nor a punishment imposed on the losing party, but rather a component of the burden of litigation presumed to be known by the affected party. *Harvey v Lewis*, 10 Mich App 23, 33; 158 NW2d 809 (1968). In crafting general rules to cover the myriad factual circumstances that can arise with respect to appeal or stay bonds, we adopt the following three general rules for application of MCR 7.219(F)(2):

Where a party obtains an appeal or stay bond, the premiums are fully taxable if "reasonable."

Where a party obtains a letter of credit in lieu of an appeal or stay bond, the costs of the letter of credit are fully taxable as "reasonable," as long as the opposing party has either agreed to the letter of credit in lieu of a bond, or the costs of the letter of credit are not greater than the premiums would have been had a bond been obtained. In such instances, the cost of the letter of credit is considered the equivalent of a bond premium, for purposes of MCR 7.219(F)(2).

Where an appeal or stay bond is obtained as well as a letter of credit as collateral for the bond, the costs are fully taxable as long as the total costs of the bond premiums and the letter of credit are "reasonable" and are no greater than the total cost of a bond without collateral.

We find these rules to be faithful to the language of MCR 7.219(F) and consistent with this Court's opinions in both *Lewis v Grand Rapids Plastics* and *North American Steel Corp*. We also hope that they will encourage parties to seek less expensive alternatives to the costs of an appeal or stay bond as explicitly authorized in MCR 7.219(F)(2). See *Lerman, supra* at 166. We caution, however, that these are only general rules; ultimately, each case must be decided on its own facts.

### C. APPLICATION OF GENERAL RULES TO THE PRESENT CASE

In its motion for review of taxation of costs, plaintiff asserted, without factual support, that the bond premiums would have been higher if not for the letters of credit because the company issuing the bond determines the cost of the bond on the basis of many factors, including the collateral provided, and that lower collateral would yield a higher bond premium. Plaintiff further asserted that it had no choice in the matter

because defendants refused to agree to a stay without a bond and because defendants' suggestion that plaintiff escrow $2.3 million in cash was not realistic, even for an insurance company such as plaintiff.

After the Supreme Court remanded this matter to us, we issued an order directing plaintiff to submit written proofs on the following issues:

> (1) [W]hether its letters of credit issued by Comerica Bank were *necessary* to secure the $2,325,000 appeal bond issued by Travelers Casualty and Surety Company of America, (2) whether the total cost of the bond premiums and the letters of credit was greater than the cost would have been for an uncollateralized bond, and (3) whether it incurred the full cost of the $17,438 bond premium for the annual term February 20, 2004 to February 20, 2005, despite the fact that this Court's opinion was issued on March 4, 2004 and the parties stipulated to a discharge of the bond in early June 2004. [Unpublished order, issued January 20, 2005 (Docket No. 240125).]

We also allowed the parties to file supplemental briefs addressing the legal and factual issues.

In response to the first question, plaintiff asserted that it was unable to obtain an appeal bond without the security provided by the letters of credit and that it did what it had to do in this situation to protect itself while it pursued its (successful) appeal. Plaintiff further asserted that no other options were known to be available. In support of these statements, plaintiff submitted the affidavit of John H. Berry, North Pointe's Chief Financial Officer, who averred in relevant part:

> 4. To my knowledge, and based on the information provided by the broker procuring the bond, there was no appeal bond available to North Pointe in the amount required without 100% collateralization. The letter of credit provided the required collateralization.

5. I have reviewed the amounts reflected in this affidavit and have determined that all are accurate, correct and necessarily incurred during the course of this appeal in order to obtain a bond to stay proceedings.

Plaintiff also submitted the affidavit of Matthew MacLean, North Pointe's Vice President of Claims, who averred in relevant part:

3. In order to obtain a bond to stay proceedings pending appeal in this matter, I employed the services of International Sureties Ltd., 210 Baronne Street, New Orleans Louisiana, known to me to be a broker specializing in procurement bonds.

4. I was informed by the broker that it would not be possible under the circumstances of this case for North Pointe to obtain a bond without 100% collateralization.

5. The amounts incurred to obtain the letter of credit were necessary in order to obtain the appeal bond and I know of no way that North Pointe could have obtained the required bond without purchasing the letter of credit.

Lastly, plaintiff submitted the affidavit of Katherine B. Werner, an employee of International Sureties, Ltd., who averred in relevant part:

3. Given (1) the bond size required by North Pointe in this matter and (2) the nature of the bond (appeal, which is considered "hazardous" by sureties) and (3) North Pointe's ratings by various industry sources (such as AM Best's) at the time the bond was required, all of the surety markets we represented at the time the bond was needed required 100% collateral in the form of a letter of credit to secure the bond if North Pointe Insurance Company was the indemnitor to the surety.

Defendants responded by arguing that plaintiff had failed to answer the question and that the affidavits did not constitute proof that the letters of credit were necessary. Defendants contended that the Berry and

MacLean affidavits were hearsay, rather than based on personal knowledge, and, therefore, constituted proof of nothing. Defendants further contended that the Werner affidavit offered an opinion, not proof, and that as an employee of the bonding company, she could not address the necessity of the letters of credit.

We find that plaintiff has submitted sufficient proofs demonstrating that the letters of credit were necessary. The Werner affidavit demonstrated that an uncollateralized bond was not available to plaintiff. While defendants may be correct that the Berry and MacLean affidavits are hearsay, they are sufficient under the circumstances to demonstrate that plaintiff acted upon the only choice available to it, i.e., to obtain letters of credit to secure the appeal bond.

In light of plaintiff's response to the first question, we find it unnecessary to address the second.

With regard to the third question, plaintiff submitted that it was entitled to a pro rata refund of $11,806 for that portion of the 2004-2005 bond premium covering the period after the discharge of the bond in June 2004, and that it had received a pro rata refund on the final term of its letters of credit, resulting in a reduced premium of $11,014 for the 2004-2005 term.

Applying the general rules adopted above to the present case, we conclude that plaintiff has sufficiently demonstrated that an uncollateralized bond was unavailable and that the total cost of the bond premiums and the letters of credit was reasonable under MCR 7.219(F)(2). Accordingly, we order defendants to pay $69,257.55[4] to plaintiff reflecting the taxable costs for plaintiff's letters of credit.

---

[4] This figure represents the following costs: $34,560.63 for 2002; $23,682.92 for 2003; and $11,014 for 2004.