MASON v CITY OF MENOMINEE

Docket No. 282714. Submitted September 9, 2008, at Marquette. Decided
    February 26, 2009, at 9:05 a.m. Leave to appeal sought.
  Gerald and Karen Mason brought an action in the Menominee
    Circuit Court against the city of Menominee, seeking to quiet title
    to a city-owned 60-foot strip of property over which part of the
    plaintiffs' driveway extends. The court, Mary B. Barglind, J.,
    determined that the defendant had abandoned a portion of the
    property and granted the plaintiffs title to that portion. The city
    appealed. The Court of Appeals, SAWYER, P.J., and K. F. KELLY, J.
    (DAVIS, J., dissenting), determined that the city was the owner in
    fee simple of the disputed strip, but declined to address additional
    theories that had been raised but not addressed in the trial court.
    The Court of Appeals reversed the judgment of the trial court and
    remanded the case to the trial court to resolve any remaining
    issues. Unpublished opinion per curiam of the Court of Appeals,
    issued September 12, 2006 (Docket No. 262743) (*Mason I*). On
    remand, the trial court determined that the plaintiffs acquired the
    disputed property under the doctrine of acquiescence. The defen-
    dant appealed, and the plaintiffs cross-appealed, in part, with
    regard to the taxation of costs.

    The Court of Appeals *held*:

    1. MCL 600.5821(2) does not preclude the plaintiffs' claim
  because it prevents a private landowner from acquiring property
  from a municipality by acquiescence only if the municipality
  brings an action to recover the property. The plaintiffs, not the city,
  brought this action.

    2. A preponderance of the evidence shows that the plaintiffs
  established acquiescence for the statutory 15-year period.

    3. The trial court did not abuse its discretion on remand by
  denying the plaintiffs' request for $150 in costs under MCL
  600.2441(2).

    4. The remand proceedings in the trial court did not constitute
  an appeal. Therefore, the provisions in MCL 600.2445(4) regarding
  an award of costs to the party who ultimately prevails do not apply
  in this case because that section pertains to appeals.

5. The plaintiffs did not timely file a bill of costs regarding the trial that occurred before the defendant's appeal in *Mason I*. MCL 600.2405(2) does not render costs that could have been awarded in *Mason I* taxable on remand. MCL 600.2405(2) does not render costs that are taxable in the Court of Appeals pursuant to court rule also taxable in the trial court on remand. The trial court did not abuse its discretion by denying the plaintiffs' requested costs.

Affirmed.

BECKERING, J., concurring, wrote separately to express her belief that when the Legislature enacted MCL 600.5821(2) it may not have anticipated the potential inconsistent outcomes in actions involving disputes over municipal land that result when the municipality is the plaintiff and when the municipality is the defendant. However, the statute is unambiguous and must be applied as written.

MUNICIPAL CORPORATIONS — ACTIONS — PUBLIC LANDS — BOUNDARIES — ACQUIESCENCE IN BOUNDARIES.

Actions brought by municipal corporations for the recovery of the possession of public property are not subject to periods of limitations; where a municipality brings an action to recover the property, a private landowner may not be found to have acquired the subject property by acquiescence; a private landowner may bring an action against a municipality to show that it acquired the subject property from the city under the doctrine of acquiescence (MCL 600.5821[2]).

*Gerald Mason* for the plaintiffs.

*Robert J. Jamo*, City Attorney, for the defendant.

Amicus Curiae:

*Secrest Wardle* (by *Thomas R. Schultz* and *Stephanie Simon Morita*) for the Michigan Municipal League.

Before: SAAD, C.J., and SAWYER and BECKERING, JJ.

PER CURIAM. In this action to quite title, defendant appeals as of right from the order of the circuit court, on remand, quieting title to the disputed parcel of real property in favor of plaintiffs. We affirm.

This case is before this Court for the second time. In the prior appeal, we held that defendant was the owner in fee simple of the disputed strip of land, but declined to address additional theories raised but not addressed in the trial court. *Mason v City of Menominee*, unpublished opinion per curiam of the Court of Appeals, issued September 12, 2006 (Docket No. 262743) (*Mason I*). On remand, the trial court determined that plaintiffs acquired the disputed land under the doctrine of acquiescence.

In *Mason I*, this Court stated the pertinent facts as follows:

> Plaintiffs are the owners of residential real property in Menominee, Michigan. Defendant is the owner of real property surrounding plaintiffs' property on three sides, commonly know as the Water Tower Park. At issue is a 60 foot strip of property, running north and south through the Water Tower Park, which adjoins the eastern border of plaintiffs' property. This property was originally deeded to defendant for a proposed Twentieth Street. But Twentieth St. has never been improved and, according to the trial court's findings, had never been used as a roadway. Plaintiffs have used a portion of the parcel as their driveway extends onto it. Plaintiffs brought this action to quiet title over those portions of the "right-of-way" that their driveway extends onto. [*Id.* at 1.]

Defendant argues that MCL 600.5821(2) shields municipalities from claims for the possession of property based on the doctrine of acquiescence. We disagree. This Court reviews equitable actions, such as an action to quiet title, de novo. *Sackett v Atyeo,* 217 Mich App 676, 680; 552 NW2d 536 (1996). Likewise, this Court reviews de novo a trial court's conclusions of law following a bench trial. *Walters v Snyder,* 239 Mich App 453, 456; 608 NW2d 97 (2000) (*Walters II*). This issue also presents a question of statutory interpretation, which is a

question of law that this Court reviews de novo. *Griffith v State Farm Mut Automobile Ins Co,* 472 Mich 521, 525-526; 697 NW2d 895 (2005).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes,* 470 Mich 661, 665; 685 NW2d 648 (2004). The best source for determining legislative intent is the specific language of the statute. *Id.* When the Legislature has unambiguously conveyed its intent, the statute speaks for itself and judicial construction is neither necessary nor permitted. *Koontz v Ameritech Services, Inc,* 466 Mich 304, 312; 645 NW2d 34 (2002). Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute. *Id.* Undefined words should be accorded their plain and ordinary meanings, and dictionary definitions may be consulted in such situations. *Id.* Further, courts should "construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature." *Macomb Co Prosecutor v Murphy,* 464 Mich 149, 159; 627 NW2d 247 (2001).

To fully interpret MCL 600.5821, both subsections 1 and 2 must be examined. They state:

> (1) Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

> (2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations.

While subsection 1 applies to "[a]ctions for the recovery of any land where the state is a party," subsection 2

applies to "[a]ctions brought by any municipal corporations . . . ." It is evident from the language employed in subsection 1 that the Legislature could have made subsection 2 applicable in all cases brought by or against a municipality. The Legislature, however, chose not to do so. Further, interpreting subsection 2 to apply to any case in which a municipality is a party would render the words "brought by" in subsection 2 nugatory. Finally, an acquiescence claim involves a limitations period. *Kipka v Fountain,* 198 Mich App 435, 438-439; 499 NW2d 363 (1993). The term "periods of limitations" in MCL 600.5821(2) renders that provision applicable to claims asserting acquiescence for the statutory period. Thus, because the language of MCL 600.5821(2) prevents a private landowner from acquiring property from a municipality by acquiescence only if the municipality brings an action to recover the property, it does not preclude plaintiffs' claim.

"[A] claim of acquiescence to a boundary line based upon the statutory period of fifteen years, MCL 600.5801(4); MSA 27A.5801(4), requires merely a showing that the parties acquiesced in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary." *Walters v Snyder,* 225 Mich App 219, 224; 570 NW2d 301 (1997) (*Walters I*). This theory of acquiescence does not require that the possession be hostile or without permission as would an adverse possession claim. *Id.* Further, "[t]he acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years." *Killips v Mannisto,* 244 Mich App 256, 260; 624 NW2d 224 (2001). Although Michigan precedent "has not defined an explicit set of elements necessary to satisfy the doctrine of acquiescence," caselaw has held that acquiescence is established when a pre-

ponderance of the evidence "establishes that the parties *treated* a particular boundary line as the property line." *Walters II, supra* at 457-458 (emphasis in original).

In this case, the record shows that both parties treated the fence as the boundary line. Further, the plaintiffs satisfied the requisite 15-year statutory period because the acquiescence of their predecessors in title can be tacked onto plaintiffs' acquiescence of title. *Killips, supra* at 260. Thus, a preponderance of the evidence shows that plaintiffs established acquiescence for the statutory 15-year period.

Because of the resolution of the above issues, we need not address plaintiffs' issue on cross-appeal, with the exception of plaintiffs' argument regarding the taxation of costs. Plaintiffs argue that they were the ultimate prevailing party; thus, they should be allowed taxable costs in the amount of $1,887.65 against defendant. We disagree. This Court reviews for an abuse of discretion a trial court's decision on a motion for costs under MCR 2.625. *Klinke v Mitsubishi Motors Corp,* 219 Mich App 500, 518; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006).

Generally, MCR 2.625(A)(1) allows a prevailing party to tax costs. "The taxation of costs is neither a reward granted to the prevailing party nor a punishment imposed on the losing party, but rather a component of the burden of litigation presumed to be known by the affected party." *North Pointe Ins Co v Steward (On Remand),* 265 Mich App 603, 611; 697 NW2d 173 (2005). Although the decision whether to tax costs is discretionary, the authority to do so is "wholly statutory" and "the prevailing party cannot recover costs

where there exists no statutory authority for awarding them." *Beach v State Farm Mut Automobile Ins Co,* 216 Mich App 612, 621; 550 NW2d 580 (1996).

Plaintiffs first rely on MCL 600.2441(2) to establish their statutory authority, which states, in pertinent part:

> In all civil actions or special proceedings in the circuit court, whether heard as an original proceeding or on appeal, the following amounts shall be allowed as costs in addition to other costs unless the court otherwise directs:
>
> * * *
>
> (c) For the trial of the action or proceeding, $150.00.[1]

Although plaintiffs requested this amount for the "remand proceeding," subsection c allows a trial court to award $150 in costs for "the trial of the action or proceeding . . . ." Here, the trial occurred before the appeal in *Mason I* and there was no "remand proceeding" as plaintiffs assert. Thus, the trial court did not abuse its discretion by failing to award the $150 in costs for the "remand proceeding."

Plaintiffs also argue that they were entitled to costs under MCL 600.2445(4) because they "ultimately prevailed" in this action. That section pertains to appeals and provides, "Costs in the court below may be awarded to the party who ultimately prevails in the case." MCL 600.2445(4). Because the remand proceedings in the trial court did not constitute an appeal, MCL 600.2445(4) does not apply to this case.

Plaintiffs further contend that costs were awardable under subsection 2 of MCL 600.2405, which provides:

---

[1] It appears that plaintiffs are relying on subsection c because they requested $150 for the remand proceeding as one of their taxable costs.

The following items may be taxed and awarded as costs unless otherwise directed:

\* \* \*

(2) Matters specially made taxable elsewhere in the statutes or rules.

Plaintiffs claim that because costs for trial of the action were awardable under MCL 600.2441(2), they should have been awarded on remand pursuant to MCL 600.2405(2). The trial of the action occurred before defendant appealed the trial court's ruling in *Mason I*. Although plaintiffs could have filed a bill of costs following the trial court's initial order that was appealed in *Mason I*, the record does not indicate that they did so. MCR 2.625(F)(2) required plaintiffs to file a bill of costs within a 28-day period. Thus, plaintiffs did not timely file a bill of costs and plaintiffs cite no authority for the proposition that MCL 600.2405(2) rendered such costs taxable on remand.

Finally, MCL 600.2405(2) did not render costs taxable in this Court in *Mason I* properly taxable on remand. Plaintiffs contend that they should have been awarded the $1,576.65 taxed against them in *Mason I*. They also argue that MCR 7.219 (F)(1) entitled them to $61 in costs for their appellate brief in *Mason I* and that MCR 7.219(F)(5) allowed them to tax $100 for a motion fee in this Court in *Mason I*. MCL 600.2405(2) allows the taxing of costs authorized by court rule. *Giannetti Bros Constr Co, Inc v City of Pontiac*, 152 Mich App 648, 657; 394 NW2d 59 (1986). Although these items are made taxable "elsewhere in the statutes or rules," they are taxable in this Court and not in the trial court. Plaintiffs cite no authority for the proposition that MCL 600.2405(2) rendered costs taxable pursuant to court

rule in this Court also taxable in the trial court on remand. Thus, the trial court did not abuse its discretion by denying plaintiffs' requested costs.

Affirmed. Plaintiffs may tax costs on appeal, and defendant may tax costs on cross-appeal.

BECKERING, J. (*concurring*). I concur with my colleagues that in this dispute over a 60-foot strip of municipal land adjoining plaintiffs' property, plaintiffs are entitled to quiet title on the basis of the doctrine of acquiescence because the record shows by a preponderance of the evidence that both parties treated the fence installed by defendant as the property line for the requisite 15-year period. *Walters v Snyder*, 239 Mich App 453, 457-458; 608 NW2d 97 (2000) (*Walters II*); MCL 600.5801(4). I write separately, however, to express my concern that in actions involving a dispute over municipal land, the Legislature may not have anticipated the potential for inconsistent outcomes, depending on which party beats the other to the courthouse, given its chosen language in MCL 600.5821(2).

MCL 600.5821 addresses whether a period of limitations applies in actions for the recovery of land when the state or a municipal corporation is involved. As the majority points out, MCL 600.5821(1), pertaining to state land, and MCL 600.5821(2), pertaining to municipal land, are worded differently, and state as follows:

> (1) Actions for the recovery of any land *where the state is a party* are not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

> (2) Actions *brought by* any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations. [Emphasis added.]

Notably, subsection 1 states that periods of limitations do not apply in actions for the recovery of any land "where the state is a party . . . ." Given the statute's wording, regardless of whether the state is the plaintiff or the defendant, it does not lose its right to recover possession of its land after a certain period. Subsection 2, on the other hand, applies to actions "*brought by*" a municipal corporation. On its face, the plain language of the statute does not apply in situations where the municipal corporation did not bring the action, which is the present case. While I find that the statute, as worded, creates a rather illusory protection for municipalities, immunizing them from periods of limitations only if they file the action for recovery of their land, it is for the Legislature to fix a statute that is subject to only one, albeit anomalous, interpretation.

Differences in the language between subsections 1 and 2 of MCL 600.5821 have previously been addressed by this Court. In *Adams Outdoor Advertising, Inc v Canton Charter Twp*, 269 Mich App 365; 711 NW2d 391 (2006), this Court summarized the history of adverse possession law in Michigan with respect to state and municipal land leading up to the creation of MCL 600.5821:

> "Under the common law, a party cannot claim ownership of state property by adverse possession. Michigan, however, long ago [statutorily] allowed adverse possession claims by imposing on the state a twenty-year limitations period for recovery of property. See 1897 CL 9724. Municipally owned roads were subject to adverse possession claims under this state's common law and were not exempted by statute.

"In 1907, the Legislature enacted a provision stating that adverse possession did not apply against 'the public' regarding 'any public highway, street or alley, or of any public grounds, or any part or portion thereof, in any township, village or city in this State.' 1907 PA 46. This statute used language very similar to that found in the current MCL 600.5821(2), except it did not limit claims by only municipalities but rather 'the public' in general. Eight years later, the Legislature changed the law significantly. The exception still existed in essentially the same form, but was applicable only to municipalities, and a separate provision expressly stated that a fifteen-year limitations period applied to all state property, thus making it clearly susceptible to adverse possession claims. See 1915 PA 314. The same provisions continued to exist for many years, although they were occasionally moved to different statutes as the Legislature reorganized the laws. . . .

"What is clear from the legislative history is that, from 1915 to 1988, the Legislature gave municipalities and the state different protection from claims of adverse possession. In 1988, the Legislature enacted the current provisions found in MCL 600.5821(1) and (2). The municipality exception was not altered, but 'any land' owned by the state was no longer subject to the limitations period, eliminating claims of adverse possession. The legislative analysis noted that the state had too much property to monitor and the public cost was too great when property was lost by adverse possession. The analysis did not address whether the Legislature intended to make state protection comparable to or greater than municipality protection." [*Adams, supra* at 372-373, quoting *Cascade Charter Twp v Adams Outdoor Advertising*, unpublished opinion per curiam of the Court of Appeals, issued March 9, 2004 (Docket No. 240625), at 3 (citations omitted).]

As the above history illustrates, although MCL 600.5821 subsections 1 and 2 were both enacted in 1988, subsection 1 was newly drafted and reflected a substantial change in the law at that time, whereas the language in subsection 2 remained very similar to its

precursor statute, enacted in 1907. This leaves one to wonder whether the Legislature intended the different protections afforded by each subsection, especially with respect to the consequence currently at issue. As stated in *Canton Twp, supra*, it is not clear whether, in enacting MCL 600.5821, the Legislature intended to give comparable or greater protection to the state than was already being provided to municipalities. *Canton Twp, supra* at 373. Nonetheless, judicial construction of an unambiguous statute is neither necessary nor permitted, and courts must give effect to every word, phrase, and clause in the statute and avoid an interpretation that renders any part of the statute nugatory or surplusage. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

At first blush, this Court's opinion in *Canton Twp, supra*, appears to conflict with the idea that MCL 600.5821(2) applies only to actions brought by a municipality. In *Canton Twp*, a billboard company sued a municipality, seeking quiet title to municipal land under a theory of adverse possession.[1] The municipality in *Canton Twp* did not bring the action; rather, it was the defendant. Without citation of authority, this Court stated, "It is . . . undisputed that MCL 600.5821(2) precludes a party from claiming adverse possession against a municipal corporation." *Canton Twp, supra* at 370. The parties in *Canton Twp*, however, did not raise the issue that is before us. Rather, they were focused on the meaning of the words "public ground" and whether the statutory protection provided to municipalities in MCL 600.5821(2) applied to the subject

---

[1] *Canton Twp* involved a claim for quiet title on a theory of adverse possession, whereas the trial court in the present case awarded title on a theory of acquiescence. Any distinction between these two theories need not be addressed given our finding that MCL 600.5821(2) does not apply in this circumstance.

property. As such, we remain bound to interpret the plain language set forth by the Legislature in MCL 600.5821(2).[2]

---

[2] It is worth noting that in *Cascade Twp, supra*, the unpublished opinion quoted in *Canton Twp*, a municipality brought the action to recover land being adversely possessed by the defendant, the same billboard company that was involved in the *Canton Twp* case.