# STATE OF MICHIGAN

# COURT OF APPEALS

GARY A. HROBA,

        Plaintiff-Appellant,

v

BRENDA A. HUNT and NILE HUNT,

        Defendants-Appellees,

and

WATERFORD TOWNSHIP,

        Defendant.

UNPUBLISHED
January 22, 2015

No. 317850
Oakland Circuit Court
LC No. 2011-123331-AW

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

In this action to quiet title to a strip of land along the border of plaintiff's and defendants' adjacent properties, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10).[1] Because the documentary evidence submitted to the trial court was inadequate to create a genuine question of fact, we affirm.

Plaintiff and defendants[2] own adjoining lots 154 and 155, respectively, in the Mountain View Country Club subdivision in Waterford Township. Plaintiff acquired lot 154 in 2008. Defendants acquired lot 155 from Mary Ann Sullivan in 2009. When Sullivan bought lot 155 in 1995, it was vacant. After having a home built on the property, Sullivan and her husband moved

---

[1] Plaintiff brought an additional claim for a writ of mandamus against defendant Waterford Township. The parties later stipulated to dismiss that claim, which is not at issue on appeal. Therefore, our use of the term "defendants" will refer only to the Hunts.

[2] We note that defendant Brenda Hunt is the sole title holder to the respective property, but for the sake of convenience, we will still refer to "defendants" as the owners.

-1-

into the home in January 1996. Sullivan stated in an affidavit that when she purchased the lot, the fence and concrete walkway between lots 154 and 155 already were in existence. She averred that "[a]t no time did my former husband and I have any objections to the existing fence and walkway."

In 2011, defendants obtained a survey, which revealed that the fence and walkway encroached onto their lot anywhere from 1.6 feet to 1.7 feet. Plaintiff then obtained a survey, which produced similar results. Plaintiff thereafter brought this action to quiet title, arguing that he acquired equitable title to the disputed strip of land through the doctrine of acquiescence.[3] In support of his claim, plaintiff relied on the affidavit of Sullivan.

Defendants moved for summary disposition under MCR 2.116(C)(10). The trial court concluded that plaintiff was unable to establish title to the disputed properly under the doctrine of acquiescence because, although the evidence showed that the fence and walkway existed for the statutory 15-year period and that Sullivan did not object to the improvements, he failed to show that Sullivan *treated the fence as the true boundary line*. Accordingly, it granted summary disposition in favor of defendants.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 239; 829 NW2d 335 (2013). A motion for summary disposition under MCR 2.116(C)(10) tests "the factual support of a complaint." *Id.* "A court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party." *Id.* Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Hanlin*, 299 Mich App at 239 (quotation marks omitted).

There are three theories of acquiescence: "(1) acquiescence for the statutory period, (2) acquiescence following a dispute and agreement, and (3) acquiescence arising from intention to deed to a marked boundary." *Walters v Snyder*, 239 Mich App 453, 457; 608 NW2d 97 (2000). The statutory period for acquiring property by acquiescence is 15 years. MCL 600.5801(4); *Mason v City of Menominee*, 282 Mich App 525, 529; 766 NW2d 888 (2009). Here, plaintiff does not contend that the parties or their predecessors acquiesced following a dispute and agreement or that defendants' alleged acquiescence arose from an intention to deed to a marked boundary. Rather, plaintiff sought title to the disputed property under the first theory, acquiescence for the statutory period.

To succeed on a claim of acquiescence, it is "not require[d] that the possession be hostile or without permission as would an adverse possession claim." *Mason*, 282 Mich App at 529.

---

[3] Plaintiff also brought a claim based on the doctrine of adverse possession, but that claim was later abandoned and is not before us.

Instead, "[a] claim of acquiescence to a boundary line based upon the statutory period of fifteen years . . . requires merely a showing that the parties acquiesced in the line *and treated the line as the boundary* for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary." *Id.* (emphasis added). "Further, '[t]he acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years.'" *Id.*, quoting *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001).

Plaintiff in opposing defendants' motion for summary disposition primarily relied on Sullivan's affidavit. Plaintiff claims, as he did at the trial court, that Sullivan's affidavit creates a question of fact related to whether the parties treated the fence and walkway as a boundary. However, plaintiff is reading too much into what Sullivan's affidavit actually provides. Sullivan merely averred that she and her husband never had any "objections" to the fence and walkway. Conspicuously absent from the affidavit is any reference to whether the Sullivans, in fact, treated the fence and walkway as the true boundary.

While we must view the evidence in a light most favorable to plaintiff, we note that having no objection to a feature on property is not the same as recognizing that feature as the boundary. As this Court noted in *Walters*, it was *how* the parties treated a feature on the property (i.e., a line of bushes) that was relevant:

> The testimony in this case reveals that, until 1991, the owners of both lots were ignorant of the true location of the boundary line that divided lots 3 and 4. However, evidence established that the respective owners of lot 3, dating back to at least 1973, believed that the north boundary to lot 3 was the bush line. According to the testimony, all owners of lot 3 consistently mowed grass to the immediate south side of the bushes. In addition, previous owners of lot 3 commonly stacked firewood immediately adjacent to the bushes. Eventually, improvements of some cost were made on the disputed property when in 1984 or 1985 the garage and fence were built. A neighbor also testified that the belief in the community was that the bushes marked the boundary between lots 3 and 4. On this evidence it is clear that defendant's predecessors in title treated the line of bushes as the boundary between lots 3 and 4 for the statutory period. [*Walters*, 239 Mich App at 459.]

The above illustrates the types of evidence that address whether someone treated a feature as a boundary. This specificity in Sullivan and her husband's actions and intent is lacking from her affidavit. Did they mow up to the fence? Did they ever utilize or maintain the walkway that was on the other side of the fence? In short, did they treat or respect the fence as the property line? We do not know because the affidavit is silent on these vital matters. Instead, all we are informed of is that they had no "objections" to the placement of the fence and walkway. Thus, plaintiff's reliance on *Walters* is misplaced.

Furthermore, in order to survive the motion for summary disposition, plaintiff must establish that all parties acquiesced to the fence as the true boundary during a 15-year period.

*Mason*, 282 Mich App at 529-530. Even assuming arguendo that Sullivan's affidavit was adequate to prove that she and her husband treated the fence as a boundary, plaintiff's evidence is still deficient for two reasons. First, the Sullivans only owned lot 155 for 14 years;[4] thus, in order to prove acquiescence for the 15-year statutory period, plaintiff had to present evidence establishing that defendants, who were the successors to the Sullivans, treated the fence and walkway as a boundary for at least a year after they acquired the lot from the Sullivans. But no evidence submitted shows how *defendants* treated these features. Second, there is no evidence to show how *plaintiff's predecessors* during that same period treated the fence, which is problematic for plaintiff because he must show that *all* parties acquiesced to the boundary.[5] *Id.* Accordingly, the trial court did not err in granting summary disposition in favor of defendants.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219. However, defendants' motion to recover damages, including attorney fees, under MCR 7.211(C)(8), MCR 7.216(C), MCR 7.219(I), MCR 2.625(A)(2), and MCL 600.2445(3) is denied. While ultimately unsuccessful, we do not believe that plaintiff's appeal was vexatious or frivolous.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

---

[4] The Sullivans purchased lot 155 in 1995 and sold it to defendants in 2009.

[5] Plaintiff, in his brief on appeal, claims that "Plaintiff and Plaintiff's predecessor used [the walkway] to reach the canal behind both lots, [which] is evidence that they treated it as a monument boundary," but the record is silent on how plaintiff's predecessors used or viewed the walkway and fence. Moreover, it is unclear how simply walking on a walkway is evidence of treating it as a boundary. In fact, plaintiff also asserts in his brief that "[Sullivan] used the walkway," which "demonstrat[es] acquiescence that it was a monument boundary." But there is no evidence to show that Sullivan used the walkway. And even if such evidence existed, it would be evidence that Sullivan *did not* treat the fence as a boundary since the walkway was on plaintiff's side of the fence. In short, even if plaintiff's assertions were supported by documentary evidence, we reject his view that a *common* use of a walkway somehow reflects a belief by the parties that the walkway was on plaintiff's property or, alternatively, a boundary.