ARDUINO v. CITY OF DETROIT.

1. ADVERSE POSSESSION—TACKING SUCCESSIVE POSSESSIONS—PAROL
TRANSFER SUFFICIENT TO CREATE PRIVITY.

Generally, successive possessions may not be tacked for purpose
of establishing title by adverse possession to lands not de-
scribed in deeds, since there is no privity, and without privity
possessions may not be tacked, but where privity is created
by actual transfer of possession by parol, possessions may be
tacked.

2. SAME—SUFFICIENCY OF EVIDENCE.

In suit to quiet title to strip of land, testimony as to oral trans-
fer of possession by successive occupants, *held*, sufficient to
entitle plaintiffs to tack their possession to that of their pred-
ecessors in title for purpose of establishing title by adverse
possession.

3. SAME—INCLOSURE OF LAND BY MISTAKE—INTENT.

Where plaintiffs' predecessor in title intended to inclose only
parcels B and C, for purpose of claiming title by adverse pos-
session, but by mistake he also inclosed parcel D, to which he
did not intend to claim possession, his possession and that of
his successors in title as to parcel D was not adverse, and
therefore could not ripen into title by adverse possession.

4. SAME—STATUTE NO BAR TO OBTAINING TITLE BY ADVERSE POS-
SESSION TO LAND DEDICATED BUT NEVER ACCEPTED AS PUBLIC
ALLEY.

Where a strip of land was dedicated to the public as an alley, but
neither the township of which it was then a part nor the city
to which it was afterward annexed ever accepted it either
formally or by user, it never became a public alley, and there-
fore 3 Comp. Laws 1915, § 12311, is no bar to adjoining land-
owner obtaining title thereto by adverse possession.

Appeal from Wayne; Carr (Leland W.), J., pre-
siding. Submitted October 8, 1929. (Docket No. 17,
Calendar No. 34,496.) Decided January 24, 1930.

On right of grantee to tack adverse possession by his predecessor
of parcel beyond that called for by deed under which he claims, see
annotation in 35 L. R. A. (N. S.) 498; 46 A. L. R. 792.

Bill by Simon Arduino and another against the City of Detroit and others to quiet title. From a decree for plaintiffs, defendants appeal. Modified and affirmed.

*James Segesta* and *Harold M. Shapero,* for plaintiffs.

*Walter Barlow* (*Clarence E. Wilcox,* of counsel), for defendant City of Detroit.

*Guy W. Moore* and *Hal P. Wilson,* for defendants King and others.

McDONALD, J. This bill was filed to quiet title to a strip of land about 11 feet wide and 100 feet deep on May avenue in the city of Detroit, Michigan. It lies immediately north of lot 113 of the Robert E. Walker subdivision, and consists of three narrow strips referred to in the record as parcels "B," "C," and "D." The record title to "B" and "C" is in the city of Detroit. The defendants William King and Emma King are vendees in a land contract for the purchase of parcel "D," the title to which is in the St. Clair Heights Real Estate Company. The plaintiffs own the fee in the north 41.35 feet of lot 113. They claim title to the adjoining strip by adverse possession. In 1907, one Nathan Parent purchased lot 113. The description in his conveyance did not include any portion of the strip in question; but he took possession of it and used it in connection with his lot. Through successive transfers, title and possession of the northerly part of lot 113 became vested in the plaintiffs. The disputed strip was not described in any of the deeds, but it is claimed that at each conveyance oral transfer of interest and possession was given to the grantee. The plaintiffs have not been in possession

for the statutory period, but they claim the right to tack the successive possessions back to the original entryman in 1907. At that time the land was in the township of Hamtramck. It was annexed to the city of Detroit in 1915. Parcel "B" had been dedicated to the public as an alley. It is the claim of the plaintiffs that it never had been accepted as such either formally or by user, and that therefore the statute which bars the right to obtain title by adverse possession against a municipality is not applicable. On the hearing the court found with the plaintiffs and entered a decree accordingly. The defendants have appealed.

The first question presented is the right of the plaintiffs to tack their possession to the possession of their predecessors in title.

The general rule in respect to tacking the possessions of successive occupants does not permit it to be done where the deeds do not describe the disputed land. A grantee is limited in possession to the property described in his deed. So a deed does not create privity between the parties as to land not described therein, and without privity possessions cannot be tacked. *Lake Shore, etc., R. Co.* v. *Sterling,* 189 Mich. 366; *Hanlon* v. *Ten Hove,* 235 Mich. 227 (46 A. L. R. 788).

But though the disputed parcel of land be not described in the deed, privity exists where there is an actual transfer of possession by parol. *Sheldon* v. *Railway Co.,* 161 Mich. 503, and cases cited. *Maes* v. *Olmstead,* 247 Mich. 183; 1 R. C. L. p. 719; 2 C. J. pp. 90, 91.

In the instant case, the plaintiffs do not claim the right to tack by reason of the various deeds. They do claim that at the time of the several conveyances there was an oral and actual transfer of possession

of the land in dispute. If this claim is established by the evidence, they have shown the privity necessary to the continuity of the successive adverse possessions.

The original entryman was Mr. Parent. He bought lot 113 in 1907. The adjoining parcels here in question were not included in his deed, but he took possession of them, fenced them in with lot 113, and used them as part of his garden. He remained in possession until 1913, when he sold lot 113 to Ferdinand Lietz and wife. Lietz wanted the adjoining parcels included in the deed. Parent said he could not include them as he did not have title.

"I told them what my interest was, was theirs, in the property."

"*Q.* Pursuant to the deed to Mr. Lietz, did you give possession of the property?

"*A.* Yes, sir.

"*Q.* And did you also give him possession of the premises of parcels B, C, and D?

"*A.* Of my interest, yes.

"*Q.* And you never retained possession of the parcels B, C, and D after you gave the deed?

"*A.* No, sir.

"*Q.* Do you know whether or not Mr. Lietz took possession of that parcel?

"*A.* Yes, he used it as a garden the same as I did."

Other successive occupants were not called to testify, but it was stipulated by counsel that if called their testimony would be substantially like that of Mr. Parent.

This testimony shows an oral transfer by Mr. Parent and the several grantees of their possessory rights in the parcels of land in question. In view of the proofs, the trial court correctly held that

the plaintiffs are entitled to tack their possession to that of their predecessors in title.

The next question presented is whether the successive occupants held by an adverse possession. As to parcels B and C the testimony leaves no doubt. Mr. Parent testified:

"*The Court:* You inclosed it with the idea that if you could hold it for a certain number of years, it would be yours?

"*A.* Yes, sir.   *   *   *

"*Q.* Did you claim to be the owner of it at that time?

"*A.* Yes, sir.

"*Q.* At that time?

"*A.* With that intention.

"*Q.* You knew it would take 15 years before you would be the absolute owner of it?

"*A.* Yes, sir."

He went into possession, openly exercised acts of ownership and claimed title to the exclusion of all others. His possession was adverse. *Smith* v. *Feneley,* 240 Mich. 439.

The facts present a different situation as to parcel D. That parcel did not belong to the Robert E. Walker subdivision. Mr. Parent did not intend to take possession of it. He did so by mistake. He did not claim title to it. He saw parcels B and C on the plat, and when he put up the fence he intended to include those two parcels only.

"*Q.* But it was your intention in putting this fence through to include the 7-foot strip and the 3-foot strip only?

"*A.* Yes, sir."

Parcel D did not appear on the plat.

"*Q.* Was there any part of the land that you inclosed in the fence that you did not intend to claim?

"*A.* If I inclosed more than was shown on the plat of the city suburban plat of Walker subdivision, that was not intentional."

It is essential to adverse possession by one who has no title that the occupancy be with intention to claim title. As there was no such intention in this case as to parcel D, the possession was not adverse.

Can the plaintiffs acquire title by adverse possession to parcel B, which is designated on the plat as an alley and dedicated to the public?

Since the enactment of Act No. 46, Pub. Acts 1907 (superseded by the judicature act), 3 Comp. Laws 1915, § 12311, it is not possible to obtain title against the public by adverse possession. But in this case, inasmuch as it conclusively appears that neither the township of Hamtramck nor the city of Detroit accepted the dedication either formally or by user, the public acquired no rights in the alley. The dedication did not become effective until accepted by the municipality. As there was no acceptance, there was no alley. As there was no alley, the plaintiffs could acquire title by adverse possession. The trial court held that they had done so. With this holding we agree. As to parcel D, the plaintiffs have failed to establish a title by adverse possession. In respect to that parcel, the decree will be modified. In all other respects it is affirmed. The plaintiffs will have costs against the city of Detroit.

WIEST, C. J., and BUTZEL and SHARPE, JJ., concurred with McDONALD, J. CLARK, POTTER, NORTH, and FEAD, JJ., concurred in the result.