BOWEN v BUCK AND FUR HUNTING CLUB

Docket No. 181241. Submitted April 16, 1996, at Grand Rapids. Decided
June 11, 1996, at 9:25 A.M.

Bert A. Bowen, Jr., and Bert A. Bowen, III, brought an action in the
Presque Isle Circuit Court against the Buck and Fur Hunting Club,
seeking a determination regarding the parties' respective rights to
certain real property. The court, John F. Kowalski, J., found that
the plaintiffs had obtained a prescriptive easement for the use of a
road running over the defendant's property that is used jointly by
the parties and ordered the plaintiffs to pay a share of the road's
maintenance in proportion to their use of the road. The plaintiffs
appealed from the order requiring them to pay their share of the
maintenance cost for the road.

The Court of Appeals *held*:

The maintenance costs of an easement used jointly by the domi-
nant and servient owners are to be paid in proportion to each
party's use. The trial court did not err in ordering the plaintiffs to
pay their proportionate share of the road's maintenance costs and
in determining the plaintiffs' proportionate share.

Affirmed.

EASEMENTS — MAINTENANCE COSTS — JOINT USE.

The maintenance costs of an easement used jointly by the dominant
and servient owners of the easement are to be paid in proportion
to each party's use of the easement.

*Martin B. Breighner, III,* for the plaintiffs.

Before: MCDONALD, P.J., and MARKMAN and C. W.
JOHNSON,* JJ.

MCDONALD, P. J. Plaintiffs appeal as of right from a
November 3, 1994, order requiring plaintiffs to pay
defendant $175 a year as plaintiffs' share of the main-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenance cost for a road used jointly by the parties. We affirm.

Following a trial to determine the parties' respective rights to certain property, the trial court found plaintiffs had obtained a prescriptive easement for the use of a road running over defendant's property. The road is plaintiffs' only means of ingress and egress to their property. Neither party contests the court's findings with regard to the easement. However, upon defendant's request, and following a hearing regarding the cost of maintenance of the road, the trial court ordered plaintiffs to pay a share of the road's maintenance in proportion to their use. Plaintiffs contest this ruling.

An easement is a right to use the land of another for a specific purpose. *Mumaugh v Diamond Lake Cable*, 183 Mich App 597; 456 NW2d 425 (1990). The trial court found plaintiffs had acquired a prescriptive easement to use the road across defendant's property to get to and from the land owned by plaintiffs. Plaintiffs have the right to use the road on defendant's land, therefore, plaintiffs are the dominant owners. 3 Powell, Real Property, § 34.01(1), p 34—3. Defendant owns the land upon which the easement was granted; therefore, defendant is the servient owner. *Id.*

The question to be decided is whether the servient owner has a right to require the dominant owner to pay a proportionate share of the maintenance of the road used by both parties. The only Michigan case cited by plaintiffs is inapplicable to the facts in this case. In *Mumrow v Riddle*, 67 Mich App 693; 242 NW2d 489 (1976), the dominant owner wanted to make improvements on an easement. In deciding *Mumrow*, this Court established a balancing test

between the necessity to improve the easement for the dominant owner's use, and the burden placed upon the servient owner by the improvement, to determine if a dominant owner should be allowed to make improvements to an easement. *Id.* at 700. In the instant case, it is the servient owner who made the improvement on the easement, and the issue is who should pay for the maintenance, not whether the improvement should be allowed.

Although this issue seems to be one of first impression in this state, other jurisdictions considering the issue have generally found the rule to be consistent with 25 Am Jur 2d, Easements and Licences, § 85, p 492 (1966):

> (W)here a private road is used in common by the owner of land across which such road runs and by a person who has an easement of way over it, the burden of reasonable repairs must be distributed between them in proportion as nearly as possible to their relative use of the road.

See *Marvin E Nieberg Real Estate Co v Taylor-Morley-Simon, Inc,* 867 SW2d 618 (Mo App, 1993).

> "(W)here the easement owner is not the sole user of a private right-of-way, but uses it in common with the servient tenants, then the costs of repair and maintenance should be distributed among all users in proportions that closely approximate the usage of the parties." [*Id.* at 623, quoting *Lindhorst v Wright,* 616 P2d 450, 454-455 (Okla App, 1980).]

Additionally the court in *Hvidston v Eastridge,* 591 NE2d 566, 574 (Ind App, 1992), stated:

> The owner of an easement must generally bear the entire cost of maintaining it, absent an express agreement to the contrary. *Larabee v Booth* (1984), Ind App, 463 NE2d 487,

492. "When the dominant tenant and the servient tenant both use an easement, however, the court may apportion the cost of repairs between them accordingly." *Id.*

We agree with this position and adopt the rule that the maintenance costs of an easement used jointly by both the dominant and servient owners are to be paid in proportion to each party's use. A review of the record before us reveals no clear error in the court's determination of plaintiffs' proportionate share. The court did not err in ordering plaintiffs to pay their proportionate share of the road's maintenance costs.

Affirmed. No costs to either party.