KILLIPS v MANNISTO

Docket No. 223089. Submitted October 10, 2000, at Marquette. Decided January 5, 2001, at 9:00 A.M.

Rod and Stephanie Killips brought an action in the Alger Circuit Court against their neighbor, Rita M. Mannisto, seeking a determination of their right to use a triangular strip of land titled in the defendant's name but used as part of the plaintiffs' driveway. The court, Bruce E. Plackowski, J., after conducting a bench trial, decided that the plaintiffs were entitled to use the strip by prescriptive easement and acquiescence. The defendant appealed.

The Court of Appeals *held*:

1. The trial court correctly placed the burden of proof on the plaintiffs throughout the trial and correctly noted that the burden of going forward with evidence shifted to the defendant once the plaintiffs made a sufficient showing.

2. The trial court did not err in finding that the plaintiffs had acquired a prescriptive use of the property. The plaintiffs established the requisite fifteen years of use by showing privity of estate involving predecessors in interest to whom right of use was granted by easement or deed. The plaintiffs established hostile use by showing that the defendant was aware that the plaintiffs' driveway encroached on her property.

3. The trial court did not err in finding that the plaintiffs had acquired the property by acquiescence. The plaintiffs showed that they or their predecessors in title and the defendant had acquiesced to a boundary line between the adjoining properties that was different from the true boundary line for a period of at least fifteen years such that the line became the actual boundary line.

4. The defendant's claim that the plaintiffs' blacktopping of the driveway increased the burden on the servient estate is without merit. The defendant did not explain why such action by the plaintiffs was unreasonable and exceeded the scope of the plaintiffs' privilege to do such acts as were necessary to make effective the enjoyment of the easement.

Affirmed.

HOEKSTRA, J., dissenting, stated that acquiescence is not applicable to this case because the parties' dispute does not involve a

boundary line, and that the plaintiffs' mistaken belief that an ease-
ment existed that permitted them to use the strip was tantamount
to use by permission and did not constitute hostile use for pur-
poses of easement by prescription.

1. EASEMENTS — PRESCRIPTIVE EASEMENTS.

An easement by prescription arises from a use of the servient estate
that is open, notorious, adverse, and continuous for a period of fif-
teen years.

2. EASEMENTS — PRESCRIPTIVE EASEMENTS — PERIODS OF USE — PREDECESSORS
IN INTEREST.

A party claiming an easement by prescription may tack on the posses-
sory periods of predecessors in interest to achieve the requisite fif-
teen years by showing privity of estate; privity may be shown by
including a description of the disputed acreage in the deed or by an
actual transfer or conveyance of possession of the disputed acre-
age by parol statements made at the time of conveyance.

3. EASEMENTS — PRESCRIPTIVE EASEMENTS — HOSTILE USE.

Hostile use, for purposes of easement by prescription, does not imply
ill will and merely means use that is inconsistent with the rights of
the owner.

4. BOUNDARIES — ACQUIESCENCE.

A false boundary line that is acquiesced to by the adjoining landown-
ers for at least fifteen years becomes the actual boundary line.

5. BOUNDARIES — ACQUIESCENCE — PREDECESSORS IN TITLE.

The acquiescence of predecessors in title can be tacked on to that of
the parties in an action to quiet title in order to establish the man-
dated period of fifteen years to acquire the disputed property by
acquiescence.

6. EASEMENTS — PRESCRIPTIVE EASEMENTS.

A holder of an easement by prescription is allowed to do such acts as
are necessary to make effective the enjoyment of the easement,
and the scope of this privilege is determined largely by what is rea-
sonable under the circumstances.

*D. Robb Ferguson*, for the plaintiffs.

*Richard M. Graybill*, for the defendant.

Before: GRIBBS, P.J., and KELLY and HOEKSTRA, JJ.

GRIBBS, P.J. This action arises out of a dispute over a triangular strip of land situated between the lots of two neighbors that has been used since approximately 1975 as a portion of plaintiffs' driveway but is in fact titled in defendant's name. Defendant appeals as of right from the circuit court judgment granting plaintiffs the right to use the triangular strip of defendant's property pursuant to theories of prescription or acquiescence. We affirm.

On appeal, defendant argues that the trial court impermissibly shifted the burden of proof. There is no merit to this claim. The case cited by the trial court, *Widmayer v Leonard*, 422 Mich 280, 290; 373 NW2d 538 (1985), clearly states that the burden of proof remains on the plaintiff during the trial. The trial court correctly noted that the burden of going forward with evidence shifts to the defendant once the plaintiff has made a sufficient showing, but there is nothing in the record to suggest that the trial court misunderstood the appropriate burden of proof.

Defendant also argues that the trial court erred in ruling that plaintiffs had acquired rights to use the triangular strip. We do not agree. Actions to quiet title are equitable; therefore, the trial court's holdings are reviewed de novo. *Gorte v Dep't of Transportation*, 202 Mich App 161, 165; 507 NW2d 797 (1993). The factual findings of the trial court are reviewed for clear error. *Grand Rapids v Green*, 187 Mich App 131, 135-136; 466 NW2d 388 (1991).

An easement is a right to use the land of another for a specific purpose. *Bowen v Buck & Fur Hunting Club*, 217 Mich App 191, 192; 550 NW2d 850 (1996). An easement by prescription arises from a use of the servient estate that is open, notorious, adverse, and

continuous for a period of fifteen years. *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 645; 528 NW2d 221 (1995); *Dyer v Thurston*, 32 Mich App 341, 343; 188 NW2d 633 (1971). A party may "tack" on the possessory periods of predecessors in interest to achieve this fifteen-year period by showing privity of estate. *Dubois v Karazin*, 315 Mich 598, 605-606; 24 NW2d 414 (1946); *Connelly v Buckingham*, 136 Mich App 462, 474; 357 NW2d 70 (1984). This privity may be shown in one of two ways, by (1) including a description of the disputed acreage in the deed, *Arduino v Detroit*, 249 Mich 382, 384; 228 NW 694 (1930), or (2) an actual transfer or conveyance of possession of the disputed acreage by parol statements made at the time of conveyance. *Sheldon v Michigan Central R Co*, 161 Mich 503, 509-510; 126 NW 1056 (1910); *Gregory v Thorrez*, 277 Mich 197, 201; 269 NW 142 (1936).

Here, plaintiffs can show privity to at least 1975, when defendant conveyed an easement to the property's former owner. The right to use the disputed strip was reconveyed in 1986 to plaintiffs' predecessor-owner by way of a quitclaim deed. Defendant raised no objection to the use until the late 1990s. Contrary to defendant's implication, the term "hostile" is a term of art and does not imply ill will. Instead, "hostile" merely means a use that is inconsistent with the rights of an owner. *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676; 619 NW2d 725 (2000); *Mumrow v Riddle*, 67 Mich App 693, 698; 242 NW2d 489 (1976). Defendant was aware that the driveway was on her property throughout the entire course of its use. The trial court did not err in finding

that plaintiffs had acquired a prescriptive use of the property. *Id.*

The doctrine of acquiescence provides that where adjoining property owners acquiesce to a boundary line for at least fifteen years, that line becomes the actual boundary line. *West Michigan Dock & Market Corp v Lakeland Investments*, 210 Mich App 505, 511; 534 NW2d 212 (1995); *McQueen v Black*, 168 Mich App 641, 644; 425 NW2d 203 (1988). The underlying reason for the rule of acquiescence is the promotion of peaceful resolution of boundary disputes. *Shields v Collins*, 83 Mich App 268, 271-272; 268 NW2d 371 (1978). The proper standard applicable to a claim of acquiescence is proof by a preponderance of the evidence. *Walters v Snyder*, 239 Mich App 453, 455; 608 NW2d 97 (2000). This is less stringent than the clear and cogent evidence standard used in adverse possession and prescriptive easement cases. *Id.*; *McQueen, supra* at 645, n 2.

Unlike a claim based on adverse possession, an assertion of acquiescence does not require that the possession be hostile or without permission. *Walters, supra* at 456-457. The acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years. *Jackson v Deemar*, 373 Mich 22, 26; 127 NW2d 856 (1964). In *Siegel v Renkiewicz Estate*, 373 Mich 421, 426; 129 NW2d 876 (1964), our Supreme Court stated that no proof of a parol transfer is needed to establish tacking.

Here, plaintiffs and their predecessors actively used the driveway since approximately 1975. During that time defendant did nothing to stop the usage, despite her belief that the original easement had terminated.

In fact, defendant approached her neighbor in 1982 about moving the driveway and the neighbor asserted that the right to use the driveway was permanent. From 1982 forward, defendant did nothing to stop plaintiffs or their predecessors from using the driveway. While defendant marked the boundary with markers, these survey stakes did not block the driveway or otherwise interfere with plaintiffs' use. Plaintiffs and their predecessors used and apparently maintained the driveway during this entire post-1982 period. The trial court did not err in finding that plaintiffs had acquired the property by acquiescence.

Finally, defendant announces without explanation that plaintiffs increased the burden on the servient estate when they blacktopped the driveway. We find this claim meritless. One who holds an easement by prescription is allowed to do such acts as are necessary to make effective the enjoyment of the easement, and the scope of this privilege is determined largely by what is reasonable under the circumstances. *Mumrow, supra* at 699. Defendant has done nothing to explain why it was unreasonable for plaintiffs to blacktop the gravel driveway.

Affirmed.

KELLY, J., concurred.

HOEKSTRA, J., *(dissenting)*. I respectfully dissent from the majority opinion because I conclude that acquiescence is not applicable to this case and that plaintiffs did not establish the hostile use element of a prescriptive easement.

Turning first to acquiescence, I agree with the majority when it states that acquiescence is a doctrine of property law that is applicable to boundary

line disputes and that the reason for the rule is to promote peaceful resolution of boundary line disputes. What the trial court and the majority fail to acknowledge is that this case is not a boundary line dispute. The parties here are not litigating where the line between their property lies; rather, they are arguing about whether plaintiff can use for a driveway a triangular strip of land that is on defendant's side of the established boundary. Accordingly, acquiescence is not available to assist the parties in resolving their dispute. Indeed, plaintiffs must have recognized the inapplicability of acquiescence because they did not plead acquiescence in their complaint, nor did they argue it in their trial brief.

With regard to plaintiffs' prescriptive easement claim, this case turns on whether plaintiffs' use of the disputed property was legally hostile. The trial court found that from the date plaintiffs purchased the property until defendant attempted to assert her exclusive ownership interest over it, plaintiffs used the disputed land as part of their driveway under the mistaken belief that an easement existed that permitted that use by them. Unlike the majority, I believe that use based upon a perceived, but ultimately mistaken belief that it was lawful, is inconsistent with legal hostility. Plaintiffs' belief that an easement existed and that therefore their use was lawful is tantamount to use by permission, which can never result in a prescriptive easement. *West Michigan Dock & Market Corp v Lakeland Investments*, 210 Mich App 505, 511; 534 NW2d 212 (1995).