# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARLETTE AUTO WASH, LLC,

        Plaintiff/Counterdefendant-
        Appellee,

v

VAN DYKE SC PROPERTIES, LLC,

        Defendant/Counterplaintiff-
        Appellant.

UNPUBLISHED
May 10, 2016

No. 326486
Sanilac Circuit Court
LC No. 14-35490-CH

---

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right a judgment granting plaintiff's claim of prescriptive easement and denying defendant's counterclaim to quiet title and for damages. We affirm in part, vacate in part, and remand for entry of a judgment in defendant's favor on plaintiff's claim of prescriptive easement.

This case involves a property dispute between two adjacent businesses. Plaintiff owns and operates a car wash business which it purchased in 2007 from a bank-mortgagee's holding company, GLCW, LLC, following foreclosure proceedings. Customers accessed the car wash by an entrance located off M-53, as well as through the adjacent shopping center's parking lot. Defendant owns and operates the adjacent shopping center, which it purchased in 2013. The principal of defendant, James Zyrowski, had been an original owner of the car wash. Shortly after defendant purchased the shopping center, defendant requested that plaintiff contribute towards parking lot maintenance, upkeep, and insurance because plaintiff's customers, including large commercial trucks, accessed the car wash from defendant's parking lot. Plaintiff refused, claiming to have an easement, and filed this lawsuit. Defendant filed a counterclaim to quiet title and sought monetary damages for parking lot maintenance, upkeep, and insurance.

At the bench trial, plaintiff argued that it acquired a prescriptive easement, which defendant denied. Defendant argued that it should prevail on its quiet title claim and was entitled to damages arising from plaintiff's use of its parking lot, which plaintiff denied. In its written opinion issued after the bench trial, the trial court agreed with plaintiff, noting that Zyrowski had an ownership interest in the car wash from 1989 until 2005, when it was sold to Lipka Investments. Zyrowski admitted that when he owned the car wash, the parking lot—which was

-1-

owned by someone else at the time—was used to access the car wash. And when Zyrowski sold the car wash, he told Lipka Investments that the parking lot was used to access the car wash. Thus, the court held: "[P]laintiff has shown privity of estate by tacking on the possessory period of their predecessors-in-interest to achieve the necessary 15 year period." That is, as of 2005, the car wash property had a prescriptive easement which permitted customers to access the car wash from the shopping center's parking lot. Accordingly, subsequent owners of the car wash, as a matter of equity, should be entitled to the same use of the parking lot. Further, because defendant failed to provide the requested discovery to plaintiff in support its claim for damages at any time before the day of trial and such evidence had been excluded at trial, a judgment of no cause of action would be entered on defendant's counterclaim. A judgment was subsequently entered consistent with the trial court's opinion and this appeal followed.

Defendant argues that the trial court erred in granting plaintiff a prescriptive easement which allowed plaintiff's customers to use its parking lot to access the car wash because plaintiff failed to establish privity of estate. We agree.

A trial court's decision to grant a prescriptive easement is an equitable decision which is reviewed de novo. *Killips v Mannisto*, 244 Mich App 256, 258; 624 NW2d 224 (2001). The factual findings underlying this decision are reviewed for clear error. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

"A prescriptive easement results from open, notorious, adverse, and continuous use of another's property for a period of 15 years." *Matthews v Dep't Nat Resources*, 288 Mich App 23, 37; 792 NW2d 40 (2010). The party seeking the easement bears the burden to demonstrate entitlement by clear and cogent evidence. *Id*. The dispute here is whether plaintiff showed continuous use of the parking lot property for a period of 15 years. Because plaintiff acquired the property in 2007, plaintiff cannot establish that it continuously used the parking as access to its car wash for 15 years. However, the element of continuous use can be established by "tacking" on possessory periods of the party's predecessor-in-interest if privity of estate is shown. *Killips*, 244 Mich App at 258-259. "This privity may be shown in one of two ways, by (1) including a description of the disputed acreage in the deed, or (2) an actual transfer or conveyance of possession of the disputed acreage by parol statements made at the time of conveyance." *Id*. at 259 (citations omitted). This Court has held that there is an exception to the second option in "limited circumstances where the tacking property owners are 'well acquainted' and there is clear and cogent evidence that the predecessors-in-interest 'undoubtedly' intended to transfer their rights to their successors-in-interest." *Matthews*, 288 Mich App at 41-42. That is, this exception may apply when the conveyance is not "an arms-length, third-party transfer." *Id*. at 41.

Defendant argues that plaintiff was not entitled to tack on the possessory periods of its predecessor-in-interest because plaintiff did not demonstrate privity of estate. We agree that plaintiff was not in privity with its predecessor-in-interest, GLCW, LLC. First, plaintiff's deed did not contain a description of the disputed property. Second, there was no evidence that, at the time of conveyance, plaintiff's representative discussed an easement, use of defendant's parking lot, or even how customers accessed the car wash with a representative from GLCW, LLC. That is, there was no actual transfer or conveyance of possession of the disputed area of the parking lot by parol statements made at the time of conveyance. Similarly, the previous two transfers of

the car wash property did not meet the requirements for privity, i.e., from Lipka Investments to Tri-County Bank and from Tri-County Bank to GLCW, LLC. And the exception outlined in *Matthews* does not apply because plaintiff was not "well-acquainted" with GLCW, LLC; the conveyance was "an arms-length, third-party transfer." *Matthews*, 288 Mich App at 41.

Plaintiff argues, however, that previous owners of the car wash continuously used the parking lot for the 15-year period, and thus a prescriptive easement vested in the property to the benefit of all subsequent property owners regardless of the lack of privity. We disagree. It is true that a prescriptive easement, like property acquired through adverse possession, vests when the statutory period expires and not when the action is brought. See *id*. at 36. However, the person claiming a prescriptive easement must acknowledge or act on the purported acquired right; "the expiration of the period of limitation terminates the title of those who slept on their rights and vests title in *the party* claiming adverse possession." *Gorte v Dep't of Transp*, 202 Mich App 161, 168; 507 NW2d 797 (1993) (emphasis added). It is undisputed that no previous owner of the car wash asserted a claim of prescriptive easement with regard to defendant's property. As plaintiff notes in its brief, in *Siegel v Renkiewicz*, 373 Mich 421; 129 NW2d 876 (1964), our Supreme Court explained:

> [I]t has long been the rule in Michigan that the statutory period of possession or use[] necessary for obtaining title by adverse possession or easement by prescription is not fulfilled by tacking successive periods of possession or use[] enjoyed by different persons in the absence of privity between those persons[,] established by inclusion by reference to the claimed property in the instruments of conveyance or by parol references at time of conveyances. [*Id*. at 425.]

And plaintiff fails to cite any legal authority in support of its argument that privity of estate need not be shown after the 15-year statutory period is met at any time and by any previous owner because the owner of the servient property automatically "loses his title when the statute of limitation expires." While a presumption of a prescriptive easement may arise when a party shows that the use has been "in excess of the prescriptive period by many years," *Reed v Soltys*, 106 Mich App 341, 346; 308 NW2d 201 (1981), no such presumption arose in this case. The car wash was built and originally owned by B & J Investment, a partnership of Zyrowski and his father, and was opened for business in 1989. Plaintiff purchased the property in 2007. Thus, even if defendant's parking lot had been used to access the car wash without permission and continuously, it had not been used "in excess of the prescriptive period by many years." See *id*.

To establish a prescriptive easement, the claimant must prove the element of continuous use for 15 years. That element can be established by tacking—adding the claimant's predecessor's period of use—if privity of estate is shown. *Killips*, 244 Mich App at 259. In this case, no privity of estate was shown, i.e., there was no reference to the disputed property in the instrument of conveyance and there was no parol reference to the disputed property at the time the car wash property was conveyed to plaintiff. Thus, there was no evidence to support the trial court's holding that plaintiff acquired a prescriptive easement which permitted its customers to access the car wash from defendant's parking lot. Accordingly, the trial court's judgment granting plaintiff a prescriptive easement is vacated.

Next, defendant argues that the trial court erred when it refused to admit evidence of its expenses to maintain the parking lot. A trial court's ruling to admit or exclude evidence is reviewed for an abuse of discretion. *Barrett v Kirtland Community College*, 245 Mich App 306, 325; 628 NW2d 63 (2001). "An abuse of discretion exists when the trial court's decision falls outside the range of principled outcomes." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010).

The evidence at issue was testimony by James Zyrowski, defendant's sole member, addressing the issue of costs associated with maintaining defendant's parking lot. During discovery, plaintiff requested that defendant provide copies of any payments and records for parking-lot expenses. Defendant responded by attaching a receipt for snow-plowing services for $300. The trial court excluded the cited evidence because defendant did not provide this information (other than the one receipt for snow-plow services) to plaintiff at any time during discovery or prior to trial. Although defendant claims that it did provide evidence of damages in its September 16, 2014 case evaluation summary and its October 21, 2014 settlement conference summary, all defendant actually provided was a small chart of what it believed the parking-lot expenses amounted to. Defendant never provided actual records of this information, as plaintiff requested, and the little information it did provide was not done so until several months after plaintiff's March 17, 2014 request.

Under the circumstances presented here, it was reasonable for the trial court to conclude that defendant did not seasonably amend its discovery response. MCR 2.302(E)(1)(b). MCR 2.302(E)(2) grants a trial court the authority to impose sanctions for failing to supplement, including those sanctions stated in MCR 2.313(B)(2)(b), which allows a court to "prohibit[] the party from introducing designated matters into evidence." Under the circumstances, the trial court's decision to exclude the evidence was not outside the principled range of outcomes. See *Duray Dev, LLC*, 288 Mich App at 162.

Affirmed in part, vacated in part, and remanded for entry of judgment in defendant's favor on plaintiff's claim of prescriptive easement. We do not retain jurisdiction.


/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause