*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KLINGLER AUTOMATIC INDUSTRIES, INC,

        Plaintiff/Counterdefendant-
        Appellee,

v

CHRISTOPHER SMITH and STEPHANIE
SMITH,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
September 3, 2020

No. 347525
St. Clair Circuit Court
LC No. 18-001817-CH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

In this property dispute, defendants appeal as of right the trial court's order denying their motion for summary disposition and granting summary disposition in favor of plaintiff by concluding that a prescriptive easement was established for the benefit of plaintiff over an access road on defendants' property. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute. Plaintiff maintains and operates a salt water disposal well—called the Smith EO-1 well—on land owned by Cottrellville Township in Michigan. Defendants own an adjacent piece of property that contains an access road leading from a public right-of-way to the Smith EO-1 well. Before 1985, the two parcels of land were owned by Lee C. Smith and Ocie V. Smith as one unified parcel.

In 1961, Lee and Ocie granted Panhandle Eastern Pipe Line Company, the predecessor-in-interest to plaintiff, a right-of-way on their property for the construction and maintenance of oil pipelines leading to the Smith EO-1 well which, at the time, was used as a reef gas well. Panhandle assigned its interest in the right-of-way to Consumers Power Company in 1963.

By 1968, the Smith EO-1 well had been abandoned as a reef gas well and was converted into a salt water disposal well. In December 1968, Lee, as lessor, entered into a salt water

-1-

disposal lease with Consumers Power, as lessee, "for the purpose of operating, and maintaining a water input or disposal well, including any abandoned or dry well drilled for oil and gas . . . for salt water disposal purposes . . . ." Since the execution of the lease through present day, the Smith EO-1 well has been used as a salt water disposal well.[1]

Lee and Ocie's property was divided into two parcels in 1985: one parcel containing the access road was retained by them; the other parcel containing the Smith EO-1 well was conveyed to Cottrellville Township. In 1995, Consumers Power released its rights under the 1968 salt water disposal lease.

In February 2000, defendants acquired title to the parcel retained by Lee and Ocie. In August 2000, plaintiff acquired all rights to operate the Smith EO-1 well and rights under the right-of-way from Jupiter Oil Company, successor in interest to Consumers Power. The events giving rise to this current dispute occurred in 2018 when defendants began piling dirt across the access road leading to the Smith EO-1 well, blocking plaintiff's access to the well.

Shortly after the dirt appeared on the access road, plaintiff filed a complaint seeking a prescriptive easement, an easement by implication, and an injunction related to the then-blocked access road on defendants' property. Plaintiff also sought a restraining order and preliminary injunction to enjoin defendants from blocking access to the Smith EO-1 well. After a testimonial hearing, the trial court entered a preliminary injunction.

Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10). As relevant to this appeal, defendants argued that plaintiff could not establish a prescriptive easement because plaintiff could not prove the element of adverse use as a result of the permissive nature of plaintiff's use of the access road. In response, plaintiff opposed defendants' motion and moved for summary disposition pursuant to MCR 2.116(I)(2), submitting that its use of the road was hostile—not permissive—because under the terms of the right-of-way, it had no right to use the access road for the purpose of using the Smith EO-1 well.

The trial court denied defendants' motion for summary disposition and granted summary disposition in plaintiff's favor with respect to its claim for a prescriptive easement in a written opinion. The trial court entered an order: (1) granting summary disposition to plaintiff, (2) establishing a prescriptive easement over an access road on defendants' property, and (3) issuing a permanent injunction to bar defendants from restricting access to plaintiff's salt water disposal well. This appeal followed.

## II. DISCUSSION

---

[1] Plaintiff's president Robert Klingler testified at the preliminary injunction hearing that salt water is a byproduct that is produced when developing oil and gas. The salt water is injected into the ground through wells such as the Smith EO-1 well for safe disposal. These activities are highly regulated and require that the wells undergo routine maintenance and testing. The well initially was a gas reef well, but after its depletion in 1968, Consumers Energy began to dispose of the brine by putting it back where it came from.

## A.  STANDARD OF REVIEW

"An action for a prescriptive easement is equitable in nature." *Mulcahy v Verhines*, 276 Mich App 693, 698; 742 NW2d 393 (2007).  "This Court reviews de novo the trial court's holdings in equitable actions." *Id*.

A trial court's decision to grant or deny summary disposition is reviewed de novo.  *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014).  Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  MCR 2.116(C)(10).  When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties.  MCR 2.116(G)(4), (G)(5); *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 68; 919 NW2d 439 (2018).

## B.  ANALYSIS

Defendants claim that plaintiff's use of the access road leading to the Smith EO-1 well was permissive, and therefore, plaintiff cannot establish that it obtained a prescriptive easement over the road.  Thus, defendants argue that the trial court erred when it granted summary disposition in plaintiff's favor.  We disagree.

"An easement represents the right to use another's land for a specified purpose." *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676, 678; 619 NW2d 725 (2000).  "The burden is on the party claiming a prescriptive easement to show by satisfactory proof that the use of the defendant's property was of such a character and continued for such a length of time that it ripened into a prescriptive easement."  *Mulcahy*, 276 Mich App at 699.  "An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years."  *Plymouth Canton* at 679, citing MCL 600.5801.  "Adverse or hostile use is use that is inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing."  *Mulcahy*, 276 Mich App at 702.  In other words, "[u]se of another's property qualifies as adverse when made under a claim of right when no right exists."  *Plymouth Canton*, 242 Mich App at 681.  "Mere permissive use of another's property, however, will not create a prescriptive easement." *Id*. at 679.   The parties all agree that plaintiff can establish that its use of the access road was open, notorious, and continuous for 15 years.  Thus, the resolution of this case is contingent on whether plaintiff's use was also adverse or hostile.

Plaintiff and its predecessors-in-interest used the access road for the purpose of accessing and maintaining the Smith EO-1 well as a salt water disposal well since the late 1960's.  The use of the access road in this manner has been without legal right since at least 1995, when Consumers Power released the 1968 salt water disposal lease.  That the parties may have been mistaken about the scope of the right-of-way is immaterial; the right-of-way did not cover plaintiff's current use of the property, and there is no evidence that the right-of-way was ever intended to cover such use.

This case is, in many ways, similar to this Court's case in *Killips v Mannisto*, 244 Mich App 256; 624 NW2d 224 (2001).[2] There, a dispute arose over the plaintiffs' use of a driveway that was on the defendant's property. *Killips*, 244 Mich App at 258. The plaintiffs apparently had the mistaken belief that an express easement existed that permitted their use of the driveway on the defendant's property. *Id*. at 262 (HOEKSTRA, J., dissenting). We concluded that because the "[d]efendant was aware that the driveway was on her property throughout the entire course of its use," it was not error for the trial court to conclude that plaintiffs established a prescriptive easement over the driveway. *Id*. at 259-260 (opinion of the Court). Thus, we did not find it relevant that plaintiffs mistakenly believed that there was an easement that covered their use of the driveway.

Defendants had the opportunity, when they acquired the property in 2000, to review the terms of the right-of-way to determine if plaintiff and its predecessors were lawfully accessing the Smith EO-1 well. Defendants did not do so until well after the statutory period in 2018. See *Falk v State Bar of Mich*, 411 Mich 63, 113 n 27; 305 NW2d 201 (1981) ("[E]quity aids the vigilant, not those who sleep on their rights." (quotation marks and citations omitted)). Plaintiff's use of the access road was hostile and adverse because it had no legal right to use the access road for the purpose of maintaining and operating a salt disposal well; therefore, the trial court did not err when it granted summary disposition in its favor.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel

---

[2] We do not find *Cook v Grand River Hydroelectric Power Co*, 131 Mich App 821; 346 NW2d 881 (1984) or *Plymouth Canton*, cases upon which plaintiff and defendants rely, persuasive or binding for purposes of resolving this case.