*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORAIN M. SMITH, Trustee of the LORAIN M. SMITH REVOCABLE TRUST, and BRUCE A. SMITH, individually and as Trustee of the BRUCE A. SMITH REVOCABLE TRUST,

UNPUBLISHED
January 7, 2021

Plaintiffs-Appellees,

v

No. 350383
Newaygo Circuit Court
LC No. 17-020309-CZ

ANDREA BAKER,

Defendant-Appellant.

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Appellant, Andrea Baker, appeals as of right the trial court's opinion and order, entered after a bench trial, holding that defendant was not liable for trespass, adverse possession, common law or statutory conversion, or intentional infliction of emotional distress, but was liable for nuisance in fact. The trial court further found that the parties acquiesced to a "plow line" as the actual boundary between their abutting properties. We affirm in part, reverse in part, and remand to the trial court for amendment of its judgment to delete the award of damages to plaintiffs.

Plaintiffs own real property in Newaygo County that abuts defendant's property. Defendant's property was originally part of plaintiffs' property, but was sectioned off and sold by then-owner, Audley Smith, in 1950. Plaintiffs' family has farmed their property since at least the 1940's, plowing their fields to a line (the "plow line") that is actually located on what is now defendant's property. Audley Smith's son, Bruce Smith, took over the farming property in 1954 and continued to plow the farm to the same plow line that his father had used. According to plaintiffs, both parties have recognized and treated the plow line as the true boundary between plaintiffs' and defendant's property since prior to 1954.

In the spring of 2017, plaintiffs planted corn on the land, up to the plow line, as was their historical practice. On May 11, 2017, however, defendant's predecessor in interest, her mother (Myrl Baker), installed a fence and trees about 100 feet into the planted area ("the disputed area").

-1-

On June 10, 2017, defendant and/or her family ripped out the corn that had been planted in the disputed area. Plaintiffs thus filed a complaint against defendant[1] on December 8, 2017, alleging trespass, nuisance-in-fact, statutory conversion, common law conversion, acquiescence, quiet title adverse possession, and intentional infliction of emotional distress. A one-day bench trial was held in the matter on May 31, 2019. Relevant to the instant matter, at the conclusion of the trial, the trial court entered an opinion and order finding that the parties had acquiesced to the plow line being the boundary line between the parties' properties.

Defendant thereafter filed the instant claim of appeal, asserting that the trial court erred in applying the doctrine of acquiescence to set the parties' property boundary line. We disagree.

A trial court's factual findings in a bench trial are reviewed for clear error. *Prentis Family Found v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 59; 698 NW2d 900 (2005). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). We review a trial court's conclusions of law in a bench trial de novo. *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010).

Boundary lines for real property are generally indicated in legal descriptions of the property set forth in deeds. However, different boundary lines may be established through various means including the one at issue here—acquiescence. The doctrine of acquiescence provides that where adjoining property owners acquiesce, or agree, to a boundary line, that line becomes the actual boundary line. *West Michigan Dock & Market Corp v Lakeland Investments*, 210 Mich App 505, 511; 534 NW2d 212 (1995). The reason for the rule of acquiescence is to promote the peaceful resolution of boundary disputes. *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001).

There are three recognized theories of acquiescence: acquiescence for the statutory 15-year period; acquiescence following a dispute and agreement, and; acquiescence arising from an intention to deed a marked boundary. *Sackett v Atyeo*, 217 Mich App 676, 681; 552 NW2d 536 (1996). The current matter concerns only the first theory. A claim of acquiescence to a boundary line based upon the statutory period of fifteen years (MCL 600.5801(4)) requires "merely a showing that the parties acquiesced in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary." *Walters*, 239 Mich App at 456–57, citing *Sackett*, 217 Mich App at 681. And the "acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years." *Killips*, 244 Mich App at 260. "A claim of acquiescence does not require that the possession be hostile or without permission." *Id*. The standard applicable to a claim of

---

[1] Defendant's predecessor in interest, her mother, was the defendant initially named in the complaint. However, defendant's mother passed away during the pendency of the action and the current defendant inherited the property. Defendant was thereafter substituted for her mother as the defendant in the proceedings. Defendant shall thus refer to the current defendant, Andrea Baker.

acquiescence is proof by a preponderance of the evidence, which is a less stringent standard than that used in adverse possession and prescriptive easement cases. *Id.*

Here, there is no dispute that the legal descriptions of both properties show that the disputed land is part of defendant's deeded property. However, there was testimony at trial by both Bruce Smith and defendant that the Smiths had farmed the disputed property for many, many years. While defendant contends that she did not believe that any of her family members thought that plaintiffs owned the disputed land, she also concedes that she thought that her father had given plaintiffs permission to plow and use the disputed land. A claim of acquiescence is not applicable only where there was a denial of permission, *Killips*, 244 Mich App at 260, nor would it conversely be defeated by a grant of permission.

Defendant further acknowledged that as children in the 1970's, when she and her siblings played outside her father would admonish them to be respectful of the crops grown by plaintiffs on the disputed land. She also testified that on at least one occasion, when she was going to perform cleanup on a portion of the disputed land, she consulted with the Smiths beforehand. The crops and line plowed to grow those crops were thus obvious to defendant and her predecessors in interest and they all respected that line as a boundary for an uninterrupted period of time since at least the 1970's.

In addition, aerial photographs of the properties from 1996, 2010, 2016, and 2017 show a very, very clear plow line that extends to a line of trees just beyond defendant's home. On the other side of the tree line is an obviously grassy area, presumably that portion of the land defendant treated as her yard. The plow line does not appear to have changed much over the years in these photographs and is consistent with Bruce Smith and his son-in-law's testimony that they always used the same plow line and it had not really changed over the years.

While defendant claims that she and her family used the disputed land, or a portion thereof, to snowmobile and shoot skeet, and as a storage area during some years, Bruce Smith and his son-in-law denied ever seeing those activities taking place. This Court recognizes the trial judge's "unique opportunity to observe the witnesses, as well as the factfinder's responsibility to determine the credibility and weight of trial testimony." *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996). We thus defer to the trial court's decisions to credit one witness's testimony over another's testimony, as it clearly did here.

Notably, defendant also claimed that she and her family used a portion of the disputed area as a snow and yard waste dumping site. Bruce Smith, too, testified that the Bakers had dumped yard waste and pushed snow "approximately" 10 feet into the disputed area. Another witness (deemed credible by the trial court) also testified that from 2010 to 2017, the plow line moved eight feet further south into the defendant's deeded property. The above supports the trial court's determination that the 2010 plow line was a proper boundary line between the properties.

Based upon the testimony and evidence presented we find no clear error in the trial court's factual findings and no error of law in its determination that the doctrine of acquiescence is applicable in this matter. A preponderance of the evidence supports the trial court's finding that the true boundary line between the parties' properties is the plow line that appears to have been used in 2010.

Defendant next claims that the trial court erred in awarding damages to plaintiff under MCL 600.2918 when no claim under that statute was ever asserted. We review a trial court's determination of damages after a bench trial for clear error. *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 98–99; 535 NW2d 529 (1995).

The trial court awarded $200 in damages to plaintiffs on their nuisance-in-fact claim, relying upon MCL 600.2918, which generally applies to tenants. MCL 600.2918 provides, in relevant part:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recover 3 times the amount of his or her actual damages or $200.00 whichever is greater, in addition to recovering possession.

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00 whichever is greater, for each occurrence and, if possession has been lost, to recover possession.

We find that the trial court erred in awarding damages to plaintiff under the above statute.

> According to our Supreme Court:

> [A]n actor is subject to liability for private nuisance for a nontrespassory invasion of another's interest in the private use and enjoyment of land if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. [*Adkins v Thomas Solvent Co*, 440 Mich 293, 304; 487 NW2d 715 (1992), quoting 4 Restatement Torts, 2d, §§ 821D–F, 822, pp. 100–115.]

Private nuisance evolved as a doctrine to resolve conflicts between neighboring land uses. *Id*. at 303.

A nuisance-in-fact is a nuisance by reason of circumstances and surroundings. *Wagner v Regency Inn Corp*, 186 Mich App 158, 164; 463 NW2d 450 (1990). A negligent nuisance-in-fact is created by a violation of some duty owed to the plaintiff which results in a nuisance whereas an intentional nuisance-in-fact occurs if the creator intends to bring about the conditions which are in fact found to be a nuisance. *Id*. Whether an allegedly injurious condition constitutes a nuisance-in-fact is a question of fact. *Ypsilanti Charter Tp v Kircher*, 281 Mich App 251, 269–70; 761 NW2d 761 (2008).

There is no dispute that defendant erected a fence on property the trial court found to belong to plaintiffs through acquiescence. It is also undisputed that corn had been planted in the disputed area prior to the fence being erected, the corn belonged to plaintiffs, and that after the fence was

installed, defendant or one of her family members intentionally ripped out the corn in the fenced area. Thus, the trial court could have reasonably found that defendant was liable for a private nuisance-in-fact. However, recovery for nuisance traditionally requires proof of actual and substantial injury and the plaintiff "must prove all damages." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 60, 63, 67; 602 NW2d 215 (1999). Thus, while a plaintiff who prevails on a private nuisance claim may have a judgment for damages for, in example, a diminution of the value of property or on the basis of a claim that the nuisance was of such an extent as to prevent the use of property, "[m]oney damages may not be awarded in the absence of proof." 19 Mich Civ Jur Nuisances § 54.

The trial court stated, and this Court agrees, that there was no testimony or evidence concerning any specific amount of damages suffered by plaintiffs due to defendant's installation of the fence and destruction of plaintiffs' corn crop that had been planted in the disputed area. As a result, no monetary damages were awardable and the trial court erred in awarding plaintiffs $200 in damages.[2]

We affirm in part, reverse in part, and remand to the trial court for amendment of its judgment to delete the award of damages to plaintiffs. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

---

[2]We additionally note that the trial court opined that, "I find that either [the] Smith[s were] the owner[s] of the property through adverse possession or they were a tenant of Baker by virtue of Myrl Baker and Andrea Baker, after Myrl Baker's death." However, in the same opinion and order, the trial court specifically found, when addressing plaintiffs' claim of adverse possession, that "due to conflict in testimony and the burden of proof, Smith's claim fails." It is also unclear how the trial court could find plaintiffs to be a tenant of defendant with respect to land that the trial court found that plaintiffs owned through the doctrine of acquiescence.