*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT OESCHGER and CANDACE M.
OESCHGER,

        Plaintiffs/Counter-Defendants-
        Appellees,

v

GERALD YOUNG and LESLIE YOUNG,

        Defendants/Counter-Plaintiffs-
        Appellants.

UNPUBLISHED
April 13, 2023

No. 360598
Huron Circuit Court
LC No. 19-105662-CH

Before: CAMERON, P.J., JANSEN and BORRELLO, JJ.

PER CURIAM.

In this quiet-title action, defendants/counterplaintiffs, Gerald Young and Leslie Young (collectively, "the Youngs"), appeal as of right the order granting title of the disputed area to plaintiffs/counterdefendants, Robert Oeschger and Candace M. Oeschger (collectively, "the Oeschgers").[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from the Oeschgers' quiet title action against the Youngs, claiming adverse possession and acquiescence regarding the disputed area, a bordering strip of land between the parties' properties. Robert's parents were the Oeschgers' predecessors in interest. The parents acquired the property under a 1965 land contract. At the time of the land contract, the seller took Robert and his parents on a tour of the land, showing them its boundaries. The seller explained that one of these boundaries was marked by a fence and tree line. In 2014, the land was conveyed from Robert's parents to Robert and Candace through a trustee's deed. Robert said he actively maintained and farmed the property and the disputed area from 1965 until approximately 2017

---

[1] Robert died after the trial court entered the order awarding the Oeschgers title of the property. His interest in the property passed to his spouse, Candace.

when he suffered a heart attack. In 2017, the Oeschgers leased their property to Christopher Jahn, who testified he maintained and farmed the Oeschgers' property, including the disputed area. Jahn said he stopped farming the disputed area in 2020 following an order by the trial court in this case.

At the time Robert's parents purchased their property, Walter Pomerantz and Rose Pomerantz owned and occupied the property next to them. In 1982, the Pomerantzes sold and conveyed a portion of their property to Gene Bucholtz. The property described in Bucholtz's deed only went as far west as the tree line, but it did not include a description of the disputed area. In 2002, Rose Pomerantz sold and conveyed the remainder of her property to the Youngs who purchased the property as a vacation space for their family. In contrast to Bucholtz's deed, the Youngs' deed included a description of the disputed area.

Approximately eight years after the Youngs purchased their property, a disagreement arose regarding the property line. The Oeschgers believed the property line was the tree line, while the Youngs relied on the legal descriptions provided in their deed. In 2019, the Oeschgers filed a complaint to quiet title to the disputed area, alleging they obtained ownership of the disputed area either through adverse possession or acquiescence. The Youngs filed a counterclaim, seeking a declaratory judgment, and asserting a claim for trespass. After a bench trial, the trial court rejected the Oeschgers' adverse possession claim, but found the Oeschgers had established acquiescence. It dismissed the Youngs' counterclaim and awarded title of the disputed area to the Oeschgers. This appeal followed.[2]

## II. STANDARD OF REVIEW

"Actions to quiet title are equitable in nature, and equitable rulings are reviewed de novo." *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). This Court reviews the trial court's factual findings in a bench trial for clear error, but its legal conclusions are reviewed de novo. *Trahey v City of Inkster*, 311 Mich App 582, 593; 876 NW2d 582 (2015). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

## III. LAW AND ANALYSIS

The Youngs argue the trial court erred in finding the Oeschgers acquired title to the disputed area through acquiescence. Further, even if title by acquiescence was established, the trial court impermissibly applied tacking as a basis for awarding title of the disputed area. We disagree.

"Under Michigan law, parties may acquiesce to a new property boundary line." *Houston*, 335 Mich at 557. Acquiescence occurs when neighboring property owners "are mistaken about where the line between their property is." *Kipka v Fountain*, 198 Mich App 435, 438; 499 NW2d 363 (1993). "It has been repeatedly held . . . that a boundary line long treated and acquiesced in

---

[2] The Oeschgers' brief on appeal challenges the trial court's rejection of their adverse possession argument. We decline to consider this argument because it was improperly raised. MCR 7.106(A).

as the true line ought not to be disturbed on new surveys." *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956).

The statutory period for title by acquiescence is 15 years. *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001). "The acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years." *Id.* "[I]f the whole period of acquiescence exceeds 15 years, the line becomes fixed, regardless of whether there had been a bona fide controversy as to the boundary." *Jackson v Deemar*, 373 Mich 22, 26; 127 NW2d 856 (1964).

There are three theories of acquiescence: "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Houston*, 335 Mich at 557 (quotation marks and citation omitted). The Oeschgers' complaint alleged the first type—acquiescence for the statutory period.

> [A] claim of acquiescence to a boundary line based upon the statutory period of fifteen years . . . requires merely a showing that the parties acquiesced in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary. [*Walters v Snyder*, 225 Mich App 219, 224; 570 NW2d 301 (1997) (citations omitted).]

The trial court explained that the 15-year statutory period ran from 1965, when Robert's parents entered the land contract, to 1980. In finding that the parties' predecessors believed the boundary was at the tree line, the trial court noted that Robert actively farmed the disputed area from the time his parents first purchased the property. This was evidenced by the presence of drain tiles from the 1960s or 1970s and Robert's testimony about his farming activities. The trial court also emphasized Robert's testimony that the seller pointed that area out to him and that the area was marked by a row of trees, indicating a boundary. Finally, what the trial court thought was "even more convincing" was that the deed to the Bucholtz family, the Youngs' predecessors in interest, included everything but the disputed area. On the basis of these findings, the trial court found that the Oeschgers satisfied their burden of proof that the Youngs' predecessors believed the property line was the tree line and, therefore, they had acquiesced to the Oeschgers' ownership in the disputed area for more than 15 years.

"Michigan precedent . . . has not defined an explicit set of elements necessary to satisfy the doctrine of acquiescence." *Walters v Snyder*, 239 Mich App 453, 457; 608 NW2d 97 (2000). Rather, the relevant question is "whether the evidence presented establishes that the parties treated a particular boundary line as the property line." *Id.* at 458 (emphasis omitted). To do this, the plaintiff must show, by a preponderance of the evidence, that acquiescence has been satisfied. *Killips*, 244 Mich App at 260. In this case, the trial court correctly focused its analysis on how the parties' predecessors in interest treated the disputed property line. There is no error in the trial court's analysis because its finding that the parties' predecessors treated the tree line as the property line during the statutory period is supported by the record.

Even so, the Youngs raise the curious argument that the trial court erred because it failed to factor the adverse possession elements[3] into its analysis. As noted, the trial court expressly rejected the Oeschgers' adverse possession claim. Thus, consideration of the adverse possession elements is irrelevant to the present question of title by acquiescence.

The Youngs also appear to challenge the veracity of the Oeschgers' witnesses at trial. In their view, this witness testimony was insufficient to establish acquiescence. Again, there are no particular elements necessary to show title by acquiescence. *Walters*, 239 Mich App at 457. As we discussed, the trial court correctly analyzed the evidence in reaching its conclusion that the Oeschgers acquired title by acquiescence. Moreover, we defer to the factfinder any issues of a witness's credibility. *Swain v Morse*, 332 Mich App 510, 524; 957 NW2d 396 (2020) ("[T]he judicial system . . . has always relied on the fact-finder to make credibility determinations."). We, therefore, reject this argument as well.

Finally, the Youngs raise the additional argument that tacking only applies if the grantor, who acquired the disputed area through acquiescence, specifically references the disputed area in subsequent deeds to the property. They claim title of the disputed area did not pass to the Oeschgers because there was no evidence that the deed which conveyed the property from Robert's parents to the Oeschgers specifically referenced the disputed area as part of the conveyed property. Again, the property line becomes "fixed" if the respective property owners acquiesce to the property line for the statutory period. *Jackson*, 373 Mich at 26. Here, the property line became fixed in 1980 after the statutory period expired because the parties' predecessors in interest acquiesced to it. Because the property line was fixed when the Oeschgers acquired title to their property in 2014, the trial court correctly awarded the disputed area to the Oeschgers.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

---

[3] "A claim of adverse possession requires clear and cogent proof that possession has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years." *Houston*, 335 Mich App at 558 (citation omitted).